IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

|  |  |
|---|---|
| BRUCE ALLEN LILLER, | * |
| Plaintiff | * Case No.: MJG 02-CV-3390 |
| v. | * |
| ROBERT KAUFFMAN, et al. | * |
| Defendants | * |

\* \* \* \* \* \* \*

### ANSWER TO COMPLAINT

Defendants, Robert Dean Kauffman and Joseph Ray Kauffman, by undersigned counsel, answer the Plaintiff's Complaint and state as follows:

1. The Defendants can neither admit nor deny the allegations contained in paragraph one of the Complaint. To the extent that a response is required, the allegations are denied.

2. The Defendants admit the allegations contained in paragraph two of the Complaint.

3. The Defendants admit the allegations contained in paragraph three of the Complaint.

4. The Defendants can neither admit nor deny the allegations contained in paragraph four of the Complaint. To the extent that a response is required, the allegations are denied.

5. The Defendants admit the allegations contained in paragraph five of the Complaint.

6. The Defendants admit the allegations contained in paragraph six of the Complaint.

7. The Defendants deny the allegations contained in paragraph seven of the Complaint.

8. The Defendants deny the allegations contained in paragraph eight of the Complaint.

9. The Defendants deny the allegations contained in paragraph nine of the Complaint.

10. The Defendants admit that a collision occurred, but deny the balance of the allegations contained in paragraph 10 of the Complaint.

11. The Defendants object to the allegations contained in paragraph 11, and will admit only that Defendant Robert Dean Kauffman was not found guilty of any traffic charges stemming from the incident described in the Complaint.

12. The Defendants admit that Robert Dean Kauffman was operating a tractor-trailer owned by Defendant Joseph Ray Kauffman at the time of the incident described in the Complaint, and deny all other allegations contained in paragraph 12 of the Plaintiffs' Complaint.

13. The Defendants deny the allegations contained in paragraph 13 of the Complaint.[1]

---

[1] In the Complaint, paragraph 13 is misnumbered paragraph "14." The paragraphs of the answer are sequentially numbered.

By way of further answer, the Defendants raise the following affirmative defenses:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendants generally deny all allegations to all Counts of the Complaint pursuant to Maryland Rule 3-323(d).

### THIRD DEFENSE

The Defendants generally deny all allegations not specifically admitted herein.

### FOURTH DEFENSE

The Plaintiffs' claims are barred by the doctrine of contributory negligence.

### FIFTH DEFENSE

The Plaintiffs' claims are barred by the applicable statute of limitations

### SIXTH DEFENSE

Any injuries or damages allegedly sustained by the Plaintiffs were caused by some other person or party without any negligence or want of due care on the part of the Defendants contributing thereto.

## SEVENTH DEFENSE

The Plaintiffs' injuries and damages, if any, were proximately caused by superceding and/or intervening acts, sufficient to entirely exculpate the Defendants from any liability.

## EIGHTH DEFENSE

The Plaintiffs' injuries and damages, if any, are barred by their assumption of the risk of injury.

## NINTH DEFENSE

The Plaintiff's claims are barred by the doctrine of waiver.

## TENTH DEFENSE

The Plaintiffs' claims are barred by the doctrine of estoppel.

## ELEVENTH DEFENSE

The Plaintiffs' claims are barred by the doctrine of release.

## TWELFTH DEFENSE

The Plaintiffs' claims are barred by the failure to join a necessary party.

## THIRTEENTH DEFENSE

The Defendants deny that Plaintiffs are entitled to sue in a representative capacity.

## FOURTEENTH DEFENSE

The Plaintiffs' recovery, if any, will be limited by the statutory cap on the award of non-economic damages found at Maryland Courts & Judicial Procedures Code Annotated §11-108, *et seq.*

FIFTEENTH DEFENSE

The Plaintiffs' claims are barred by the spoliation of evidence.

SIXTEENTH DEFENSE

The Plaintiffs' claims are barred by the doctrine of last clear chance.

WHEREFORE, having fully answered the Complaint filed against them, the Defendants respectfully request the Court dismiss the Complaint, with all costs assessed against the Plaintiffs.

/s/ Kathleen M. Bustraan
Kathleen M. Bustraan
Federal Bar No.: 24417
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 S. Charles Street
Baltimore, Maryland 21201
(410) 539-5881

Attorney for Defendants,
Robert Dean Kauffman and Joseph Ray Kauffman

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of March, 2003, a copy of the aforegoing Answer to Complaint was electronically filed with the Court and a copy was mailed first-class, postage prepaid to: Arnold F. Phillips, Esquire, 25254 Garrett Highway, Suite 4, P.O. Box 537, McHenry, Maryland 21541, Attorney for Plaintiffs.

/s/ Kathleen M. Bustraan
Kathleen M. Bustraan

257828