IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

|  |  |
|---|---|
| BRUCE ALLEN LILLER, et al. * | |
| * | |
| Plaintiff | Case No.: MJG 02-CV-3390 |
| * | (Consolidated with MJG 02-CV-3391) |
| v. | |
| * | |
| ROBERT KAUFFMAN, et al. | |
| * | |
| Defendants | |

\* \* \* \* \* \* \*

|  |  |
|---|---|
| ROBERT KAUFFMAN, et. al. | * |
| | |
| Third-Party Plaintiffs | * |
| | |
| v. | * |
| | |
| ROGER LEE HELBIG | * |
| 435 Underwood Road | |
| Oakland, Maryland 21550 | * |
| | |
| Third-Party Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## THIRD PARTY COMPLAINT

Robert D. Kauffman and Joseph R. Kauffman, Defendants/Third-Party Plaintiffs,

by undersigned counsel, hereby file this Third-Party Complaint against Roger Lee

Helbig, and state as follows:

### Jurisdiction and Venue

1.      Defendants/Third-Party Plaintiffs, Robert Kauffman and Joseph Kauffman,

are residents of the Commonwealth of Pennsylvania.

2.    Third-Party Defendant, Roger Lee Helbig, is a resident of the State of Maryland.

3.    The dispute at issue in this litigation involves an automobile accident that occurred on or about April 17, 2002 in the State of Maryland.

4.    The amount in controversy exceeds the jurisdictional requirements of this Court.

Facts Common to All Counts

5.    On or about April 17, 2002, Plaintiffs, Michael Liller and Bruce Liller, were passengers in an automobile operated by Third-Party Defendant, Roger Lee Helbig, travelling westbound on Paul Friend Road near Oakland, Maryland.

6.    At that same time, Defendant, Robert Kauffman was lawfully operating a tractor trailer owned by Defendant, Joseph Kauffman while exiting a private driveway onto Paul Friend Road.

7.    Third-Party Defendant, Roger Lee Helbig, was operating his vehicle in a negligent and careless manner by failing to keep a proper lookout, by travelling at an excessively dangerous speed, by failing to exercise ordinary care in avoiding the collision, by failing to maintain proper and sufficient control, by operating an automobile in an intoxicated condition, and by otherwise failing to exercise proper care and caution under the circumstances, which resulted in Mr. Helbig's vehicle striking the trailer portion of the tractor trailer, operated by Robert Kauffman.

8.     As a direct and proximate result of Mr. Helbig's negligence in operating a motor vehicle while intoxicated, Plaintiffs, Michael and Bruce Liller, suffered serious injuries to their head, body, and limbs.

### COUNT I
(Contribution)

9.     Defendants/Third-Party Plaintiffs incorporate by reference the allegations contained in Paragraphs 1-8 of this Third-Party Complaint.

10.    As a result of the collision, Plaintiffs filed a civil action against Defendants/Third-Party Plaintiffs in the United States District Court for the District of Maryland, alleging that Defendants/Third-Party Plaintiffs negligently operated the tractor trailer and said negligence was the direct and proximate cause of Plaintiffs' injuries. Plaintiffs, however, did not name Mr. Helbig in either of their actions.

11.    Defendants deny all allegations contained in Plaintiffs' Complaint. To the extent that Plaintiffs' claims in this action have legal merit, however, Mr. Helbig's negligence directly and proximately caused or contributed to the Plaintiffs' injuries.

12.    If Plaintiffs recover against Defendants/Third-Party Plaintiffs any judgment for their damages, Robert and Joseph Kauffman are entitled to judgment against Roger Lee Helbig for all such sums because Mr. Helbig's negligence was the sole cause of Plaintiffs' injuries.

WHEREFORE, Defendants/Third-Party Plaintiffs, Robert and Joseph Kauffman, demand judgment of contribution against Third-Party Defendant, Roger Lee Helbig for a pro rata share of all sums that may be awarded against them, as Defendants, in favor of Plaintiffs.

## COUNT II
(Indemnity)

13.    Defendants/Third-Party Plaintiffs incorporate by reference the allegations contained in Paragraphs 1-12 of this Third-Party Complaint.

14.    Defendants/Third-Party Plaintiffs are in no way legally responsible for the accident that resulted in the Plaintiffs' injuries.

15.    If Plaintiffs recover against Defendants/Third-Party Plaintiffs any judgment for their damages, Robert and Joseph Kauffman are entitled to indemnification from Roger Lee Helbig for all such sums because Mr. Helbig's negligence was the sole cause of Plaintiffs' injuries.

WHEREFORE, Defendants/Third-Party Plaintiffs, Robert and Joseph Kauffman, demand indemnification from Third-Party Defendant, Roger Lee Helbig for all sums that may be awarded against them, as Defendants, in favor of Plaintiffs.

*/s/* Kathleen M. Bustraan
Kathleen M. Bustraan (Bar No.: 24417)


*/s/* Toyja E. Kelley
Toyja E. Kelley (Bar No.:26949)
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 S. Charles Street
Baltimore, Maryland 21201

Attorney for Defendants/Third-Party Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of May, 2003, a copy of the aforegoing Third-Party Complaint was mailed first-class, postage prepaid to: Arnold F. Phillips, Esquire, 25254 Garrett Highway, Suite 4, P.O. Box 537, McHenry, Maryland 21541, Attorney for Plaintiffs.

*/s/* Toyja E. Kelley
Toyja E. Kelley

260070.1