UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
SUSAN K. GAUVEY
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_skgchambers@mdd.uscourts.gov
(410) 962-4953
(410) 962-2985 - Fax

January 13, 2004

Arnold F. Phillips, Esq.
25254 Garrett Highway
P.O. Box 537
McHenry, MD 21541

Jennifer S. Lubinski, Esq.
Kathleen M. Bustraan, Esq.
Lord and Whip, PA
36 South Charles Street, 10th Floor
Baltimore, MD 21201

Toyja E. Kelley, Esq.
Tydings and Rosenberg, LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202

Donald L. Speidel, Esq.
Law Offices of Progressive Casualty Insurance Co.
800 Red Brook Blvd., Suite 120
Owings Mills, MD 21117

    Re:  Bruce Allen Liller v. Robert Dean Kauffman, et al.
         Civil No. MJG-02-3390

Dear Counsel:

    Please be advised that a settlement conference in the above-captioned case has been scheduled for Monday, February 9, 2004, at 8:00 a.m., to be held in my chambers (Room 8D, United States Courthouse, 101 West Lombard Street, Baltimore, Maryland 21201). It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person. Attendance by the attorney for a party is <u>not</u> sufficient. *See* Local Rule 607.3. Please also be advised that the conference may take the entire day.

No later than January 20, 2004, I would like to receive from each party a short letter candidly setting forth the following:

1. Facts you believe you can prove at trial;

2. The major weaknesses in each side's case, both factual and legal;

3. An evaluation of the maximum and minimum damage awards you believe likely;

4. The history of any settlement negotiations to date; and

5. Estimate of attorney's fees and costs of litigation through trial.

The letters may be submitted <u>ex parte</u> and will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

I look forward to seeing you on February 9th.

                                         Sincerely yours,

                                         /s/

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

>                               Susan K. Gauvey
>                          United States Magistrate Judge

cc: Honorable Marvin J. Garbis
    Court File

**SEE ATTACHED ADDITIONAL NOTICE TO COUNSEL FOR JUDGE GAUVEY'S FURTHER INSTRUCTIONS.**

**ADDITIONAL NOTICE TO COUNSEL**

In addition to the standard information requested in the attached letter, Judge Gauvey also requests the name and position of the individuals who will be attending the conference.

Also since settlement conferences are often more productive if the parties have previously exchanged demands and offers and have made a good faith effort to settle the case on their own, Judge Gauvey requires that the plaintiff submit a written itemization of damages and a settlement demand to the defendant on January 20, 2004, with a copy to the Court, and the defendant shall submit a written offer to the plaintiff and any alternate itemization of damages on January 26, 2004, again with a copy to the Court.

Thereafter, the parties should continue to engage in negotiations.

Finally, if counsel believes that a telephone conference prior to the February 9 in-person conference would be advisable to make the settlement conference more productive, please contact my judicial assistant, Donna Cowan, to make arrangements.