IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| BRUCE ALLEN LILLER, et al. | | |
| | * | |
| Plaintiff | | Case No.:  MJG 02-CV-3390 |
| | * | (Consolidated with MJG 02-CV-3391) |
| v. | | |
| | * | |
| ROBERT KAUFFMAN, et al. | | |
| | * | |
| Defendants and | | |
| Third-Party Plaintiffs | * | |
| | | |
| v. | * | |
| | | |
| ROGER LEE HELBIG | * | |
| | | |
| Third-Party Defendant | * | |

\*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANTS' FIRST MOTION IN LIMINE**

Defendants, Robert Kauffman and Joseph Kauffman, by undersigned

counsel and pursuant to the provisions of Rule 7 of the *Federal Rules of Civil*

*Procedure* file the following the memorandum of law in support of their first

motion in limine, and state as follows:

**INTRODUCTION AND STATEMENT OF FACTS**

The Plaintiffs, Michael Liller and Bruce Liller, filed suit against Robert

Kauffman and Joseph Kauffman as a result of injuries they claim they suffered in

a motor vehicle accident that occurred on April 17, 2002 on Paul Friend Road in

Garrett County, Maryland.  (See Complaint, attached as Exhibit 1, at ¶8-9.)  Mr.

Michael Liller contends that he was injured in this accident, suffering primarily a

closed head injury.  (See Complaint, attached as Exhibit 1, ¶14.)  He claims total

past medical expenses of $40,487.52.[1]  Particular items of medical expenses that

Mr. Michael Liller claims are as follows:

| | |
|---|---|
| Garrett County Memorial Hospital | $2,035.00 |
| Healthnet | $5,485.00 |
| West Virginia University Hospital | $17,021.13 |
| Tri-State Radiology | $462.39 |
| UHA | $6,323.00 |
| HealthSouth | $3,947.00 |
| United Physicians Care | $265.00 |
| Garrett Surgical Group | $469.00 |
| Raymond Drapkin, M.D. | $880.00 |
| Jeroen Walstra, M.A. | $1,260.00 |
| Charles Cohen, Ph.D. | $2,340.00 |

Bruce Liller also claims that he was injured in the accident.  Mr. Bruce

Liller suffered injuries principally to his low back as a result of the collision.  (See

Complaint, attached as Exhibit 2, ¶ 14.  He claims medical expenses of

$135,149.75[2], broken down as follows:

| | |
|---|---|
| Garrett County Memorial Hospital | $1,850.00 |
| Garrett Medical Transport | $805.00 |
| West Virginia University Hospital | $104,196.71 |
| Tri-State Radiology | $546.89 |
| UHA | $23,367.00 |
| United Physicians Care | $206.00 |
| Davis Dental | $302.00 |
| Raymond Drapkin, M.D. | $880.00 |

---

[1] The figures included in this memorandum are taken from Plaintiffs' counsel's recent correspondence.  Mr. Michael Liller's answers to interrogatories and the Plaintiffs' Amended Rule 26(b) disclosure statement contains somewhat lower costs of medical expenses and does not list charges for work performed by Dr. Drapkin, Mr. Walstra, and/or Dr. Cohen as items of potential damage claims.

[2] The figures included in this memorandum are taken from Plaintiffs' counsel's recent correspondence. Like Mr. Michael Liller's court papers, Mr. Bruce Liller's answers to interrogatories and the Plaintiffs' Amended Rule 26(b) disclosure statement contains somewhat lower costs of medical expenses and does not list charges for work performed by Dr. Drapkin, Mr. Walstra, and/or Dr. Cohen as items of potential damage claims.

| | |
|---|---|
| Jeroen Walstra, M.A. | $2,340.00 |
| Charles Cohen, Ph.D. | $540.00 |
| Prescriptions | $116.15 |

The Plaintiffs have named as expert witnesses Dr. Raymond Drapkin, Dr. Jack Bergstein and Ms. Kristi Williams.  At Dr. Drapkin's deposition, he confirmed that he does not have any opinions with respect to the fairness and reasonableness of the medical expenses incurred.  Dr. Drapkin was asked "do you have any opinions with respect to the reasonableness and necessity of Mr. Liller's (referring to Bruce Liller) treatment thus far and the medical bill associated with it?"  Dr. Drapkin answered "None."  (See transcript of deposition of Dr. Drapkin, attached as Exhibit 3, at page 16.)  Dr. Drapkin also pointed out that he had opinions in this case only with respect to Bruce Liller.[3]  (Exhibit 3, page 2.)

Discussing his charge of $880, which Mr. Bruce Liller claims as damages, Dr. Drapkin explained that he calculated this charge in connection with an independent medical exam for Mr. Bruce Liller's lawsuit.  The doctor noted that "I basically charge $425.00 for the IME, and then depending on how much time it takes me to review the medicals whatever extra, if I take any x-rays, whatever x-rays I have to take."  (Exhibit 3, p. 9.)  The charge of $880.00 includes "$425.00 for the IME, $160.00 for the x-ray of the lumbar spine, $120.00 for stress x-rays of the lumbar spine, $175.00 for review of medical records."  (Exhibit 3, p. 10.)

---

[3] Although Michael Liller makes a claim for damages in the amount of $880.00 related to services rendered by Dr. Drapkin, it does not appear that Dr. Drapkin ever saw or evaluated Mr. Michael Liller.  The inclusion of the $880.00 charge for services performed by Dr. Drapkin for Mr. Michael Liller appears to be an oversight or error.

The Plaintiffs also noted Dr. Jack Bergstein, one of the treating physicians, as an expert witness. At. Dr. Bergstein's deposition, he too was asked whether he had any opinions with respect to the cost of medical care provided to Bruce Liller and to Michael Liller. Dr. Bergstein commented that he has "no information about their cost, but if asked, I could probably estimate. I doubt that my estimate would be all that useful." (See transcript of deposition of Dr. Bergstein, attached as Exhibit 4, at page 71.)

Mr. Michael Liller's treating psychologist, Ms. Kristi Williams, has testified that she intends to limit her testimony to a discussion of her "treatment and where he [Michael Liller] was at the time of discharge." (See transcript of deposition of Ms. Williams, attached as Exhibit 5, at p. 43.) She offered no opinions regarding the cost of medical care at her deposition.

## LEGAL ARGUMENT

The Defendants submit that the Plaintiffs cannot recover damages for the past and/or future medical expenses that they claim are related to the accident. The medical experts who have been identified, Dr. Bergstein and Dr. Drapkin, have previously testified that they have no opinions with respect to the cost of medical treatment, or whether the cost of medical treatment was fair and reasonable. Testimony that the cost of medical treatment is both fair and reasonable is necessary, or the Court may not submit the cost of medical care to the jury for consideration as compensatory damages. *See*, e.g., *Shpigel v. White*,

357 Md. 117, 741 A.2d 1205 (1999), superceded on other grounds *Plein v. DOL, Licensing & Regulation*, 369 Md. 421, 800 A.2d 757 (2002).

In addition, the charges of Dr. Drapkin, Mr. Walstra, and Dr. Cohen represent fees for expert witness evaluations rather than the cost of medical care. Costs incurred by a plaintiff for the employment of experts for testimony at trial are generally treated as expenses of litigation, and not as an item of special compensatory damages. Gilbert, Maryland Tort Law Handbook, 2nd Ed., 1992, §26.1.2. Under the circumstances, the charges for Dr. Drapkin's, Dr. Cohen's, and Mr. Walstra's evaluations should not be admitted in evidence and submitted to the jury as part of the Plaintiffs' claim for special damages.

## CONCLUSION

For the foregoing reasons, Robert Kauffman and Joseph Kauffman respectfully request that the Court grant their Motion in Limine and exclude evidence of the cost of medical care or expert witness expenses from the trial of this case.

*/s/ Kathleen M. Bustraan*
Kathleen M. Bustraan
(Bar No. 24417)
Jennifer S. Lubinski
(Bar No. 25160)
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 S. Charles Street
Baltimore, Maryland 21201
(410) 539-5881

Attorneys for Defendants


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 4th day of February, 2004, a copy of the foregoing Memorandum of Law in Support of Defendants' First Motion in Limine was electronically filed with the United States District Court for the District of Maryland with notice sent to: Arnold F. Phillips, Esquire, 25254 Garrett Highway, Suite 4, P.O. Box 537, McHenry, Maryland 21541, Attorney for Plaintiffs; and Donald L. Speidel, Esquire, 800 Red Brook Boulevard, Suite 120, Owings Mills, Maryland 21117.


*/s/ Kathleen M. Bustraan*
Kathleen M. Bustraan
(Bar No. 24417)


313087

6