IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRUCE ALLEN LILLER, et al. | * | |
| Plaintiffs | * | Case No.: MJG 02-CV-3390 |
| | * | (Consolidated with MJG 02-CV-3391) |
| v. | * | |
| ROBERT KAUFFMAN, et al. | * | |
| Defendants and Third-Party Plaintiffs | * | |
| v. | * | |
| ROGER LEE HELBIG | * | |
| Third-Party Defendant | * | |

\* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant, Joseph Kauffman, by his undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, files the following Memorandum of Law in support of his Motion for Summary Judgment, and states:

### FACTUAL BACKGROUND

This case arises from a motor vehicle collision in Oakland, Maryland. Jurisdiction in this Court is claimed pursuant to 28 U.S.C. § 1332.

The Plaintiffs allege that, on April 17, 2002, they were passengers in a vehicle being driven by Roger Lee Helbig and which was travelling west on Paul Friend Road. Defendant Robert Kauffman was, at the same time, the driver of a

pick-up truck with an attached flatbed trailer and was attempting to pull his vehicle and trailer into a driveway on Paul Friend Road. The truck and trailer were owned by Joseph Kauffman. Joseph Kauffman had previously given permission for Robert Kauffman to use the vehicles.

Although the pick-up truck and trailer were appropriately marked and lighted, Plaintiffs claim they did not see the trailer situated perpendicularly across Paul Friend Road, and the Helbig vehicle collided with the trailer, causing injury to the Plaintiffs.

Plaintiffs have sued Robert Kauffman, alleging he negligently failed to yield the right of way to the Helbig vehicle.[1] In addition, Plaintiffs have sued Joseph Kauffman solely under a theory of respondeat superior, alleging that Robert Kauffman acted as Joseph Kauffman's agent or employee at the time of the accident (Complaint, ¶ 12, attached hereto as Exhibit A).[2] Joseph Kauffman is Robert Kauffman's father and is also the owner of a small Pennsylvania company known as Kauffman Metals. Robert Kauffman is employed by Kauffman Metals as a salesman and job site manager. Although the vehicles were used primarily for business purposes, they had been purchased by and were titled in the name of Joseph Kauffman, individually (Deposition of Joseph Kauffman p. 10).

---

[1] Defendants in turn sued Roger Lee Helbig, alleging contribution and indemnity.

[2] Michael and Bruce Liller initially filed suit individually. Their claims was consolidated on April 2, 2003. The Complaints allege identical theories of liability against Joseph Kauffman.

On the evening before the date of the accident, Robert Kauffman borrowed the vehicles from Joseph Kauffman, with permission, to help a friend transport her disabled car to a meeting with her father (Deposition of Robert Kauffman p. 7). Her father gave Robert Kauffman some lumber, which Mr. Kauffman delivered to his maternal grandfather's house (Deposition of Robert Kauffman p. 7). Robert Kauffman then drove to his uncle's home, where he had supper and enjoyed a "relaxing afternoon" (Deposition of Robert Kauffman p. 7). That evening, Robert Kauffman drove to the home of his paternal grandfather to pick up a skid loader (Deposition of Robert Kauffman p. 7). The accident occurred when Robert Kauffman attempted to leave his grandfather's home (Deposition of Robert Kauffman p. 7).

With the exception of an unrelated physician's deposition, all discovery in this case has been completed. For the reasons described below, Plaintiffs have failed to produce any evidence sufficient to establish the vicarious liability of Joseph Kauffman as either the principal or employer of Robert Kauffman.

## ARGUMENT

### I. Standard of Review

Summary judgment practice in this Court is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Anderson v. Liberty Lobby, 477 U.S. 242, 247, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). The Court is to consider the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255 (1986); Monumental Paving & Excavating, Inc. v. Pennsylvania Manufacturers' Ass'n Ins. Co., 176 F.3d 794, 797 (4th Cir. 1999). The non-moving party cannot avoid the entry of summary judgment with "mere allegations." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Instead, the non-moving party must establish the existence of a genuine factual dispute, with affidavits or other verified evidence. Id.

Maryland law is to be applied to resolve the substantive issues in this case. Reese v. Mumford, 1993 U.S. Dist. LEXIS 6462 (D. Md. 1993) (attached hereto as Exhibit D).

## II. Liability

Plaintiffs have alleged that Robert Kauffman was the agent and/or employee of Joseph Kauffman at the time of the accident described in the Complaint.[3] Agency arises from an agreement wherein the agent agrees to act on the principal's behalf. RESTATEMENT (SECOND) OF AGENCY § 1; Sanders v. Rowan, 61 Md. App. 40, 49-50 (1984). The employer/employee relationship is a

---

[3] Specifically, Plaintiffs allege that "Defendant, Robert Dean Kauffman at all times pertinent herein was operating a tractor trailer owned by Defendant Joseph Ray Kauffman, . . . and that Robert Dean Kauffman was acting as an employee of agent [sic] of Defendant Joseph Ray Kauffman." Complaint, ¶ 12. No claim of negligent hiring or retention or of negligent entrustment has been asserted.

4

subspecies of agency wherein the employee is subject to the employer's right to control the work is performed. Id. at 50; L.M.T. Steel Prods., Inc. v. Peirson, 47 Md. App. 633, 635-36 (1981). Under the doctrine of *respondeat superior,* an employer or principal is responsible only for the tortious conduct of an employee or agent when the employee is acting within the scope of employment or agency. Dhanraj v. Potomac Elec. Power Co., 305 Md. 623, 627 (1989); RESTATEMENT (SECOND) OF AGENCY §§ 219, 228 243 (1958).

It is not disputed that Robert Kauffman was employed by Kauffman Metals as a salesman and job site manager. Rather, the question is whether, at the time of the accident described in the Complaint, Robert Kauffman was acting as an employee, within the scope of his employment with Kauffman Metals, or whether he was acting for his own benefit and merely with Joseph Kauffman's permission to use the vehicle. It goes without saying that employees are not their employers' agents twenty-four hours per day; otherwise, nearly every negligent act would create *respondeat superior* liability. Instead, courts have "regarded the doctrine with jealousy and have confined it within limits as narrow as are consistent with the true interests of society." Henkelmann v. Metropolitan Life Ins. Co., 180 Md. 591, 598 (1942).

The difficulty in applying established Maryland law to the facts of this case lies in the fact that Joseph Kauffman was both Robert Kauffman's employer and his father. Therefore, the fact that the vehicle was owned by Joseph Kauffman and was used primarily for the Kauffman Metals business is not determinative of his

5

liability, because as the vehicle's owner he was authorized to loan it to others for their personal use. There are two alternative approaches to this dilemma, either of which will achieve the correct result in this case. First, at the time of the accident described in the Complaint, Robert Kauffman was not acting as an employee or agent of Joseph Kauffman. Second, although Defendant disputes that Robert Kauffman was acting as his employee at the time of the accident, even if he was, he was not acting within the scope of his employment. Each argument is discussed below.

### A. Robert Kauffman was not Joseph Kauffman's agent or employee at the time of the accident.

Generally speaking, to determine whether an employer-employee relationship exists, the Court may consider the following:

(1) The power to select and hire the employee;
(2) The payment of wages;
(3) The power of discharge;
(4) The power to control conduct; and,
(5) Whether the work is part of the regular business of the employee.

L.M.T. Steel Prods., Inc. v. Peirson, 47 Md. App. 633, 635 (1981).

The power to control conduct is the single most important factor in the determination. Travelers Indem. Co. v. Insurance Co. of No. Amer., 69 Md. App. 664, 675 (1987).

Of these, the factors relevant to this case are whether, at the time of the accident, Robert Kauffman was being paid wages; whether Joseph Kauffman had the power to control his conduct; and whether the incident occurred during the

6

regular work of the employee. Applying the factors to the facts established in this case, it is clear that Robert Kauffman was not acting as Joseph Kauffman's employee at the time of the accident.

Robert Kauffman was not paid wages for the day of the accident (Deposition of Robert Kauffman, pp. 9-10). He had not been instructed to pick up the skid loader, but rather decided to do so because he was "there anyway" (Deposition of Robert Kauffman, p. 10). His passenger and companion for the day was his wife (Deposition of Robert Kauffman, p. 10). Robert Kauffman knew of no Kauffman Metal jobs for which the skid loader was needed (Deposition of Robert Kauffman, p. 10).

Similarly, Joseph Kauffman testified at deposition that, when he authorized Robert Kauffman's use of the pick-up truck and trailer, he did not know Robert Kauffman's plans for use of the vehicle, other than that "he was doing a favor for his friend" (Deposition of Joseph Kauffman, p. 21). In addition, it was typical for Robert Kauffman to use the pick-up truck for personal errands (Deposition of Joseph Kauffman, p. 22).

Plaintiffs have failed to introduce *any* evidence to support a finding that, at the time of the accident, Robert Kauffman was acting as Joseph Kauffman's employee or agent. There is nothing to indicate that Robert Kauffman acted under Joseph Kauffman's instructions – with respect to the use of the truck or otherwise – or that Robert Kauffman was subject to Joseph Kauffman's right to control his activities at the time. The only links between this accident and Joseph Kauffman

7

lie in the ownership of the vehicle – and permissive use is not denied by Defendants – and in the fact that Robert Kauffman gratuitously decided to transport a skid loader which had been lent to his grandfather by Kauffman Metals.  This simply is not enough to create vicarious liability on Joseph Kauffman's part.

The Reese case is particularly on point.  In that case, a seventeen year old teenager borrowed his mother's vehicle to go hunting.  Reese, 1993 U.S. Dist. LEXIS at 1.  Considering the general rule that "ordinarily, the negligence of an operator of a motor vehicle may not be imputed to the owner who is not present in the vehicle," the United States District Court for Maryland refused to find the driver's mother vicariously liable because the teenager's use of the vehicle had been purely personal and had not benefited her in any way.  Id. at 4.

Similarly, in a claim decided under the Federal Tort Claims Act, the Sixth Circuit held that, where an employee was permitted to use his employer's vehicle, the employer was not vicariously liable if the employee used the vehicle for his own, personal reasons.  Mider v. United States, 322 F.2d 193, 197 (6th Cir. 1963).

It is important to consider Robert Kauffman's *status* with respect to Joseph Kauffman at the time he borrowed the truck and during the time he was using it.  Robert Kauffman asked to use the truck for a purely personal errand, to assist a friend.  His father asked no additional explanation of him.  It was not unusual for Joseph Kauffman to allow his sons to use his trucks, which were titled in Joseph Kauffman's name, not Kauffman Metals'.  At the time of the accident alleged in

8

this case, Robert Kauffman was not acting in his capacity as an employee of Kauffman Metals. Nor was he acting as its agent. "The doctrine of respondeat superior does not operate as to render the ordinary negligence of a bailee to whom the car has been loaned for the bailee's own business imputable to the bailor." Reese, 1993 U.S. Dist. LEXIS at 5-6. In the absence of agency or employment, *at the time of this accident*, any alleged negligence by Robert Kauffman should not be imputed to his father, Joseph Kauffman.

B. Even assuming an employment or agency relationship, Joseph Kauffman is not vicariously liable because he had no power to control Robert Kauffman's use of the vehicle.

Although Defendants argue that Robert Kauffman was not acting as an agent or employee of Joseph Kauffman at the time of the accident, under any circumstances, even if this Court determines that he was, liability should not be imputed to Joseph Kauffman. The Maryland Courts have limited the circumstances under which an employer may be liable for the vehicular torts of an employee. Recognizing that "a strict application of the doctrine of respondeat superior in the modern commercial world would result in great injustice," the Court of Appeals has limited the liability of employers for the negligent operation of an automobile to those circumstances under which the employer had the right to control the employee in the operation of the vehicle. Dhanraj, 305 Md. at 627-28; Oaks v. Connors, 339 Md. 24, 31 (1995).

> When an employee uses an automobile for his personal convenience in going from one place of work to another, but is under no duty to use it for the business, and the expense of operation of the car is not borne by the

9

employer, and the employer has no right of control over the employee in its operation, the employee is an independent contractor when driving the car. Henkelmann, 180 Md. at 602.

Oaks and Dhanraj involved employee-owned vehicles involved in accidents related to the employee's work. In Oaks, for example, the employee was required to maintain a personal automobile to allow him to drive to and from various business premises of his employer throughout the workday. Oaks, 339 Md. at 28-29. The principles underlying these cases apply no less forcefully to the circumstances of this case.

Robert Kauffman, at the time of the accident alleged, was under no duty to use the truck or trailer to benefit Kauffman Metals or Joseph Kauffman. He was free to use the vehicles as he saw fit, driving them halfway to Tennessee to assist a friend with a disabled car. He drove to a relative's home, where he and his wife ate supper and spent a relaxing afternoon. Then he visited his grandfather's home. Because a skid loader belonging to Kauffman Metals also happened to be at his grandfather's house, having been lent to him for his personal use, to rebuild a garage on the property, Robert Kauffman gratuitously offered to transport the equipment back to his father's residence. The skid loader was not needed for any upcoming Kauffman Metals jobs, and no one had instructed Robert Kauffman to pick it up (Deposition of Robert Kauffman, pp. 7; 9-10; 31-32).

In fact, Joseph Kauffman made the vehicle available for use by any of his family members with a driver's license (Deposition of Joseph Kauffman, p. 26).

Sometimes, his sons used the vehicle for personal errands without even asking permission first (Deposition of Joseph Kauffman, p. 27). In short, Joseph Kauffman simply did not exercise the level of control of his son's use of the vehicle which would justify *respondeat superior* liability.

### III.  Conclusion

Plaintiffs have failed to produce any evidence to prove that, at the time of the incident alleged in their Complaint, Robert Kauffman was acting as Joseph Kauffman's employee. Even assuming an employment relationship, Joseph Kauffman did not exercise any control over Robert Kauffman's use of the vehicle, and *respondeat superior* liability is therefore inappropriate. In the absence of evidence of vicarious liability, there is no dispute as to any material fact as to Plaintiffs' claims against Joseph Kauffman. Accordingly, Joseph Kauffman is entitled to summary judgment in his favor as a matter of law.

*/s/ Kathleen M. Bustraan*
Kathleen M. Bustraan
Jennifer S. Lubinski
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 S. Charles Street
Baltimore, Maryland  21201
(410) 539-5881

Attorneys for Defendants