Case 1:02-cv-03390-MJG    Document 36-7    Filed 02/06/2004    Page 1 of 8

Get a Document - by Citation - 1993 U.S. Dist. LEXIS 6462                                      Page 1 of 9

Service: **Get by LEXSEE®**
Citation: **1993 us dist lexis 6462**

*1993 U.S. Dist. LEXIS 6462, \**

J. BRADLEY REESE, et al., Plaintiffs v. PAUL VICTOR MUMFORD, et al., Defendants

Civil Action No. HAR 92-930

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

1993 U.S. Dist. LEXIS 6462

May 6, 1993, Decided

### CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant vehicle owner, the mother of the driver who was involved in an accident, filed a motion for summary judgment in plaintiff injured parties' action for injuries allegedly sustained in the accident. The injured parties contended that her son was operating the vehicle with her knowledge and consent and as her agent or that she negligently entrusted the vehicle to her son.

**OVERVIEW:** The court rejected the injured parties' contention that the driver was acting as his mother's agent when the accident occurred. He was returning to his mother's home after a day-long deer hunting trip. The record contained no suggestion that he went hunting for any reason other than his own recreational enjoyment. The court found that it was ludicrous to propose that the driver's mother could be deemed the principal because the family might consume the deer meat. The court found that the injured parties also failed to produce evidence indicating that the driver's mother negligently entrusted him with the vehicle. There was no suggestion in the factual record that the driver's mother knew or had reason to know that he was a careless driver. Without knowledge of her son's alleged recklessness, the mother was not legally expected to exercise greater control over his use of her vehicle. The court granted summary judgment in favor of the driver's mother on the injured parties' claims against her because they failed to come forward with admissible evidence that would support theories of agency or negligent entrustment.

**OUTCOME:** The court granted the summary judgment motion of the driver's mother finding that the injured parties had not produced evidence to support their theories of liability.

**CORE TERMS:** license, driver, negligent entrustment, summary judgment, driving, uncontradicted, hunting, drive, reason to know, conclusive, imputed, bailee, negligently, deposition, permission, entrusted, careless, ticket, doctrine of respondeat superior, proximate cause, physical harm, valid license, motor vehicle, entrustment, collision, discovery, supplier, concedes, servant, deer

**LexisNexis (TM) HEADNOTES - Core Concepts - ✦ Hide Concepts**

Civil Procedure > Summary Judgment > Summary Judgment Standard
**HN1** In deciding a summary judgment motion, the court reviews the parties' respective memoranda and the exhibits attached thereto, viewing all facts and all reasonable inferences drawn therefrom in the light most favorable to the

EXHIBIT D

Case 1:02-cv-03390-MJG   Document 36-7   Filed 02/06/2004   Page 2 of 8

Get a Document - by Citation - 1993 U.S. Dist. LEXIS 6462        Page 2 of 9

nonmovant.  More Like This Headnote

Torts > Vicarious Liability > Agents
Torts > Vicarious Liability > Imputed Contributory Negligence

*HN2* Ordinarily, the negligence of an operator of a motor vehicle may not be imputed to the owner who is not present in the vehicle. An exception to this rule exists when the driver is acting as the agent or servant of the owner.  More Like This Headnote

Torts > Vicarious Liability > Agents
Torts > Vicarious Liability > Imputed Contributory Negligence

*HN3* The driver of an automobile is presumed to be the agent of the owner and to be acting within the scope of employment. This presumption is rebuttable, but evidence required to destroy it as a matter of law must be both uncontradicted and conclusive; and if the evidence as to agency is contradicted, or if uncontradicted is not conclusive, the question of agency is for the jury.  More Like This Headnote

Torts > Vicarious Liability > Agents
Torts > Vicarious Liability > Imputed Contributory Negligence

*HN4* In determining whether the record contains uncontradicted and conclusive evidence which undermines the legal presumption of agency, the court is guided by the ordinary principles of agency. The agency doctrine rests on the relationship of the parties and the nature of the expedition during which the accident occurred.  More Like This Headnote

Torts > Vicarious Liability > Bailees
Torts > Vicarious Liability > Imputed Contributory Negligence

*HN5* A child can pursue his own private affairs as distinguished from the business of his parent, and if in doing so he is using the family automobile by permission of his parent, he is in a position of a bailee rather than of a servant. The doctrine of respondeat superior does not operate as to render the ordinary negligence of a bailee to whom the car has been loaned for the bail's own business, imputable to the bailor.  More Like This Headnote

Torts > Negligence > Duty > Control of Third Parties
Torts > Transportation Torts > Motor Vehicles

*HN6* Liability for negligent entrustment is imposed on the vehicle owner because of her own independent negligence and not the negligence of the driver. One who supplies directly or through a third person a chattel for use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.  More Like This Headnote

Torts > Negligence > Duty > Control of Third Parties
Torts > Transportation Torts > Motor Vehicles

*HN7* Judicial determination of the reasonableness of a parent's entrustment of her son with the use of her vehicle turns on an examination of whether the facts in the record suggest that she had any knowledge, prior to the accident, of her son's dangerous driving propensities.  More Like This Headnote

Civil Procedure > Summary Judgment > Burdens of Production & Proof
Civil Procedure > Summary Judgment > Summary Judgment Standard

*HN8* Summary judgment is appropriate to dispose of factually unsupported claims. Fed.

Case 1:02-cv-03390-MJG   Document 36-7   Filed 02/06/2004   Page 3 of 8

Get a Document - by Citation - 1993 U.S. Dist. LEXIS 6462                    Page 3 of 9

R. Civ. P. 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. More Like This Headnote

Civil Procedure > Summary Judgment > Summary Judgment Standard

HN9 The summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules of Civil Procedure as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. More Like This Headnote

**COUNSEL:** [*1] For Plaintiffs: Thomas P. Brown, III, Alfred J. Tighe, Jr., (Brown & Tighe), 5427 Wisconsin Ave., N.W., Suite 4, Washington, D.C. 20015.

For Defendants: Gertrude C. Bartel, Perry F. Sekus, (Kramon & Graham), One South Street, Suite 2600 Commerce Place, Baltimore, MD 21202.

**JUDGES:** John R. Hargrove

**OPINIONBY:** JOHN R. HARGROVE

**OPINION: MEMORANDUM OPINION**

Seeking compensatory and punitive damages for injuries allegedly sustained in a November 25, 1989 automobile accident on Route 611 in Worcester County, Maryland, the Plaintiffs initiated the above-captioned action, invoking this Court's diversity jurisdiction, against three defendants: (1) Paul Victor Mumford, the seventeen year-old driver of the Ford Bronco with which they collided; (2) Peggy Hester Mumford, Paul's mother and the owner of the Bronco; and (3) the Ford Motor Company, manufacturer of the Ford Taurus stationwagon in which they were travelling. n1 With respect to Ms. Mumford, the Plaintiffs' Complaint asserts that at the time of the accident, Paul Mumford was operating the Bronco "with the knowledge and consent of Peggy Hester Mumford and as her agent." (Complaint P 15). As an alternative basis for Ms. Mumford's liability, the Plaintiffs [*2] contend that:

> Defendant Peggy Hester Mumford . . . was negligent and in violation of the duty she owed to Plaintiffs . . . in granting her permission to and authorizing Defendant Paul Victor Mumford to operate her vehicle as agent of owner when he was without a Maryland driver's license and known to be lacking in ability to drive in a prudent and careful manner.

(Complaint P 18).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 On June 29, 1992, this Court dismissed Counts II, IV, VII, X, XII and XV of the Plaintiffs' Complaint which sought punitive damages and the recovery of attorneys fees. Upon receiving notice that the Plaintiffs had settled their claims against Ford, on February 25, 1993, this Court ordered Counts XVI through XXIV dismissed with prejudice.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

Case 1:02-cv-03390-MJG   Document 36-7   Filed 02/06/2004   Page 4 of 8

Get a Document - by Citation - 1993 U.S. Dist. LEXIS 6462                    Page 4 of 9

Presently before the Court is Ms. Mumford's Motion for Summary Judgment. Ms. Mumford argues that, as a matter of Maryland law, n2 she cannot be deemed liable for the Plaintiffs' injuries, under either an agency theory or under the doctrine of negligent entrustment. **HN1** The Court has reviewed the **[*3]** parties' respective memoranda and the exhibits attached thereto, viewing all facts, and all reasonable inferences drawn there from, in the light most favorable to the Plaintiffs. Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). No hearing is deemed necessary. Local Rule 105(6) (D.Md. 1992).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 The parties do not dispute that the accident occurred in Maryland and that therefore, this Court, exercising its diversity jurisdiction, must apply the choice of law rules, and consequently, the substantive law of, Maryland. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487 (1941); Erie Railroad v. Tompkins, 304 U.S. 64 (1938).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

### I. Paul Mumford was not acting as his mother's agent when the accident occurred.

In the Pretrial Order, Paul Mumford concedes that his negligence proximately caused the accident at issue in this case. However, Paul's negligence cannot be imputed to his **[*4]** mother, who was not in the Bronco at the time of the collision, unless he was acting as her agent and for her benefit when the accident occurred. **HN2** "Ordinarily, the negligence of an operator of a motor vehicle may not be imputed to the owner who is not present in the vehicle. An exception to this rule exists when the driver is acting as the agent or servant of the owner." Atlantic Mutual Ins. Co. v. Kenney, 323 Md. 116, 134-135, 591 A.2d 507 (1991) (citations omitted).

In Maryland, the "agency" exception threatens to swallow the rule:

> **HN3** The driver of an automobile is presumed to be the agent of the owner and to be acting within the scope of employment. This presumption is rebuttable, but evidence required to destroy it as a matter of law must be both uncontradicted and conclusive; and if the evidence as to agency is contradicted, or if uncontradicted is not conclusive, the question of agency is for the jury.

House v. Jerosimich, 246 Md. 747, 748-749, 230 A.2d 282 (1967) (citations omitted). **HN4** In determining whether the record contains "uncontradicted and conclusive" evidence which undermines **[*5]** the legal presumption of agency, the Court is guided by the ordinary principles of agency. Id. "The agency doctrine . . . rests on the relationship of the parties and the nature of the expedition during which the accident occurred." Slutter v. Homer, 244 Md. 131, 139, 223 A.2d 141 (1966).

It is undisputed that Paul Mumford was returning to his mother's home in Ocean City, Maryland after a day-long deer hunting trip when the accident occurred. The record contains no suggestion that Paul went hunting for any reason other than his own recreational enjoyment. The Plaintiffs direct the Court to no evidence demonstrating that Paul went hunting at his mother's request, or for her benefit. n3 **HN5** "A child can pursue his own private affairs as distinguished from the business of his parent, and if in doing so he is using the family automobile by permission of his [mother], he is in a position of a bailee rather

Case 1:02-cv-03390-MJG   Document 36-7   Filed 02/06/2004   Page 5 of 8

Get a Document - by Citation - 1993 U.S. Dist. LEXIS 6462                Page 5 of 9

than of a servant." Restatement (Second) Agency § 238, comment c. The doctrine of respondeat superior does not operate as to render "the ordinary negligence of a bailee to whom the car has been loaned for the bailee's own business," **[*6]** imputable to the bailor. Atlantic Mutual Ins. Co., supra 323 Md. at 135. Because he was pursuing his own interests when the accident with the Plaintiffs occurred, Paul's admitted negligence cannot be imputed to Ms. Mumford.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 The Plaintiffs' suggestion that "questions as to family use of the deer meat remain" (Opp. Memo. at 9) which preclude summary judgment, is without merit. It is a ludicrous proposition that a mother who happens to eat the venison her son killed, could, by virtue of her diet, be deemed the principal at whose behest the hunting expedition originally took place.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

## II. The Plaintiffs have failed to produce evidence indicating that Ms. Mumford negligently entrusted Paul with her Bronco.

In contrast to agency's doctrine of respondeat superior, the tort of negligent entrustment does not incorporate a concept of vicarious liability; instead, liability rests with the conduct of the defendant herself, and in particular, her decision to allow a third **[*7]** party to use her property. The tort of negligent entrustment was first recognized and applied to motor vehicles in Rounds v. Phillips, 166 Md. 151, 170 A. 532 (1934). HN6"Liability is imposed on [the] vehicle owner . . . because of her own independent negligence and not the negligence of the driver." Wright v. Neale, 79 Md.App. 20, 22, 555 A.2d 518, (1989), citing Krum v. Malloy, 22 Cal.2d 132, 137 P.2d 18 (1943).

> One who supplies directly or through a third person a chattel for use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience or otherwise, to use it in a manner involving unreasonable risk of physical harm to others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

Restatement (Second) Torts, § 390.

Ms. Mumford does not contend that she did not "entrust" Paul with her Bronco; the record indicates that, at the time of the accident, she had given her son unfettered permission to drive it. The **[*8]** pertinent inquiry, however, is whether such entrustment was "negligent." HN7 Judicial determination of the reasonableness of Ms. Mumford's entrustment of her son with the use of her Bronco turns on an examination of whether the facts in the record suggest that she had any knowledge, prior to the accident, n4 of her son's dangerous driving propensities. n5 Kahlenberg v. Goldstein, 290 Md. 477, 488, 431 A.2d 76 (1981).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 In reviewing Paul Mumford's deposition testimony, at least the incomplete snippets of testimony provided by the parties, the Court noted that he has been involved in at least two other automobile accidents since November 25, 1989. Moreover, it appears that he was convicted of Driving while Under the Influence of alcohol (DUI) after the collision at issue in

Case 1:02-cv-03390-MJG   Document 36-7   Filed 02/06/2004   Page 6 of 8

Get a Document - by Citation - 1993 U.S. Dist. LEXIS 6462                    Page 6 of 9

the instant case. (Deposition of Paul Mumford at 67-68). Obviously, these post-accident occurrences have no probative value with respect to the Plaintiffs' negligent entrustment claims against Ms. Mumford.

n5 The other principal component of the tort of negligent entrustment, the foreseeability of harm, is clearly met. The accident, which occurred on a public highway while Paul was driving, and the Plaintiffs' resulting injuries, were harms which could be the reasonably foreseeable results of Paul's careless driving habits.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*9]

Ms. Mumford contends that the Plaintiffs have no evidence which supports their assertion that she knew or had reason to know that her son "lacked the ability to drive in a prudent and careful manner." *HN8* Summary judgment is appropriate to dispose of factually unsupported claims. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).

> Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In an attempt to satisfy their evidentiary burden, the Plaintiffs contend that at the time of the accident, Paul did not possess a valid Maryland driver's license, that Ms. Mumford knew of this fact, and that despite her knowledge, Ms. Mumford entrusted her son with unchecked use of the Bronco. To support their contention that Ms. Mumford knew that her son did not have a valid Maryland license, Plaintiffs submit that in June 1989, [*10] five (5) months prior to the accident, Paul received a traffic ticket for failing to carry a valid Maryland license. The Plaintiffs' somewhat obtuse argument appears to incorporate the following syllogism.

> (1) Paul's failure to have a valid Maryland driver's license while operating a motor vehicle on Maryland's roadways violated Maryland statute. Md. Transportation Article, § 16-101

> (2) The purported violation of Maryland statute constitutes negligence per se.

> (3) Ms. Mumford knew or should have known that her son, in continuing to drive without a valid Maryland license, was by definition, acting negligently.

> (4) Therefore, Ms. Mumford negligently entrusted Paul with her Bronco.

For the following reasons, Plaintiffs' argument does not operate to preclude summary judgment.

First, Paul testified during his deposition that he had a valid Virginia driver's license at the time of the accident; Plaintiffs' offer no evidence which casts doubt on the veracity of this assertion. Thus, while Paul concedes that he did not have a valid Maryland driver's license, his valid Virginia license permitted him to lawfully drive on Maryland's highways. Md.

Case 1:02-cv-03390-MJG   Document 36-7   Filed 02/06/2004   Page 7 of 8

Get a Document - by Citation - 1993 U.S. Dist. LEXIS 6462                    Page 7 of 9

Transportation Art, [*11] § 16-102(a)(9).

Second, assuming arguendo that Paul was not a Virginia resident by virtue of attending boarding school in Urbanna and that therefore, he was legally obligated at the time of the accident to possess a Maryland license, the Court perceives no necessary logical connection between a driver's standard of care and, his or her possession of a valid license. Plaintiffs cite no authority supporting the proposition that failure to possess a valid driver's license constitutes negligence per se; Davis v. Gordon, 183 Md. 129, 132, 36 A.2d 699 (1944), and the cases cited therein, suggest the contrary. (Evidence that the driver was not licensed at the time of the accident is not relevant to the issue of his negligence because violation of statute is not the proximate cause of the injury).

Third, there is no evidence supporting Plaintiffs' assertion that Ms. Mumford knew before the accident that her son did not have a valid driver's license or that his continued driving without a valid license constituted negligent conduct. Plaintiffs do not present testimony concerning Ms. Mumford's knowledge of Paul's June 1989 ticket. More [*12] importantly, even if she did know that Paul received the traffic citation, Ms. Mumford could not have inferred from the ticket that it was negligent per for her son to continue driving. The uncontradicted deposition testimony is that Paul received the ticket for "turning on a yellow light, . . . for making a U-turn, . . . or for running a red light." (Deposition of Paul Mumford at 16). Plaintiffs' attempt to twist Paul's description of the basis for his traffic citation into "failure to have a valid Maryland license," in the absence of other supporting evidence, is nothing short of disingenuous.

Perhaps realizing that Paul's failure to possess a valid Maryland license at the time of the accident would not preclude summary judgment on their negligent entrustment claims against his mother, Plaintiffs claim that genuine disputes of fact exist concerning Ms. Mumford's:

> (1) control over the Bronco;
>
> (2) instructions, or lack of, as to use of the vehicle;
>
> (3) action in informing, or failing to inform the Department of Motor Vehicle [sic] of her proper address;
>
> (4) continuing to make the vehicle available to a minor son who demonstratively has a selective or faulty memory; [*13] and
>
> (5) conflicting recollection of facts relative to the keeping of the car at Christ King School and the disposal of the Virginia license.

(Opp. Memo. at 6-7). Because there is no suggestion in the factual record that Ms. Mumford knew or had reason to know that Paul was a careless driver, purported factual disputes over her control of the Bronco or her failure to give Paul explicit instructions concerning its use are not material. Without knowledge of her son's alleged recklessness, Ms. Mumford was not legally expected to exercise greater control over Paul's use of the Bronco. Similarly, contentions about Ms. Mumford's failure to inform the Motor Vehicles Administration of her proper address, her willingness to permit Paul to use the Bronco despite his "selective or faulty memory," and her conflicting recollection of facts concerning Paul's storage of the Bronco while at school and about the disposal of his Virginia license, do not preclude summary judgment because, in short, they are irrelevant. The Court fails to comprehend how these "disputed facts," even if ultimately resolved in the Plaintiffs' favor, could support a

Case 1:02-cv-03390-MJG    Document 36-7    Filed 02/06/2004    Page 8 of 8

Get a Document - by Citation - 1993 U.S. Dist. LEXIS 6462                Page 8 of 9

reasonable jury's conclusion that Ms. Mumford **[*14]** was negligent in entrusting her vehicle to her son. n6

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n6 In paragraph 18 of their Complaint, Plaintiffs contend that Ms. Mumford "was negligent directly causing expense to Plaintiffs because as owner of the vehicle she caused her address to show on the registration of said vehicle at a Post Office Box only." While the cryptic nature of this claim escapes the Court, it is clear that Ms. Mumford's failure to put her residence address on the Bronco's registration was not the proximate cause the November 25, 1989 accident nor is it suggestive of her negligence in entrusting Paul with the Bronco's use.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

The Plaintiffs' most plausible argument proffered in support of their negligent entrustment claims involves Ms. Mumford's alleged awareness that her son intended to drive the Bronco after a long day of hunting which began as early as 3:30 a.m. The implicit factual basis for Plaintiffs' argument is that Ms. Mumford should have known that her son would be tired after hunting and that his driving would consequently become **[*15]** careless. In the absence of any evidentiary support in the record for this theory, it is too slender a reed on which to rely as a basis for bringing the Plaintiffs' case against Ms. Mumford for negligent entrustment before a jury.

Conclusion

HN9 "The summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" Celotex, supra 477 U.S. at 327, (citations omitted). Because the Plaintiffs have not come forward with admissible evidence, despite the culmination of discovery, which would support theories of agency or negligent entrustment, Ms. Mumford is entitled to summary judgment on the Plaintiffs' claims against her.

In accordance with this Memorandum Opinion, it will be appropriately so ordered.

John R. Hargrove, United States District Judge

5/6/93
Date

ORDER

This sixth (6th) day of May, 1993, it IS, by the United States District Court for the District of Maryland, hereby ORDERED:

1. That Defendant Peggy Kester Mumford's Motion for Summary Judgment BE, and **[*16]** the same hereby Is, GRANTED.

2. That the Clerk of the Court MAIL copies of this Order and the attached Memorandum Opinion to all parties of record.

John R. Hargrove, United States District Judge