IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BRUCE ALLEN LILLER | * | |
| Plaintiff | * | |
| VS. | * | CASE NO.: MJG-02-CV-3390 <br> (Consolidated with MJG-02-CV-3391) |
| ROBERT KAUFFMAN, et al. | * | |
| Defendants and <br> Third-Party Plaintiffs | * | |
|  | * | |
| v. | | |
|  | * | |
| ROGER LEE HELBIG | | |
|  | * | |
| Third-Party Defendant | | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Bruce Liller, Michael Liller, Dwight Liller and Mary Liller, by and through their Attorney, Arnold F. Phillips hereby file this Memorandum in support of Plaintiffs' Motion to Stirke Defendants' Defendants' Motion for Summary Judgment.

**FACTUAL BACKGROUND**

This matter arises from an automobile accident near Oakland Maryland on the 17th day of April, 2002.  Plaintiffs were passengers in a vehicle that while traveling down the boulevard of Paul Friend Road that collided with a flatbed trailer attached to a truck driven by Defendant Robert Kauffman and owned by Defendant Joseph Kauffman. Defendant Robert Kauffman was attempting to pull out of a driveway and blocked the right of way of the vehicle in which Plaintiffs were riding.  Plaintiff Michael Liller suffered a Brain Injury and a broken collarbone and his brother Bruce Liller suffered a

broken back and lost the use of his spleen. Both Plaintiffs suffered serious injury including loss of income and medical expenses (Exhibit A).

Defendant Joseph Kauffman filed a Motion for Summary Judgment on the 6th day of February 2004. (Exhibit B). Defendants' Motion for Summary Judgment was filed after the January 27 Dispositive Motions Deadline. (Exhibit C).

## LAW AND ARGUMENT

The Court herein entered a Scheduling Order in compliance with Civ Rule 103(9) of the Rules of the United States District Court for the District of Maryland. (Exhibit D). Through the agreement of the parties the Scheduling Order was modified with the current deadlines. The Dispositive Motions Deadline herein was January 27, 2003. (Exhibit B). Defendant has not filed a Motion with this Court to extend the Dispositive Motions Deadline. Defendants' filing of a Motion for Summary Judgment on February 6, 2004 herein was made after the deadline imposed by the Scheduling Order. Civ. Rule 105(2) of the Rules of the United States District Court of Maryland provides that all motions must be filed within the deadlines set by the Court.

The Court is precluded from reviewing the Defendant's Motion for Summary Judgment because the motion was filed after the deadline for dispositive motions. "A litigant who ignores a case-management deadline does so at his peril." Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (U.S. App., 1998).

The schedule cannot be implicitly modified to accommodate the untimely motion for summary judgment because no showing of good cause has or can be shown. "A schedule shall not be modified except upon a showing of good cause and by leave of the

[judge]." Fed. Rule Civ. Proc. 16(b); <u>Forstmann v. Culp</u>, 114 F.R.D. 83, 84 (4th Cir. U.S. Dist , 1987).

## CONCLUSION

As Defendants have failed to file their Motion for Summary Judgment within the time limits prescribed by the Scheduling Order herein and therefore, their Motion should be Denied.

/s/ Arnold F. Phillips, Esquire
Attorney for Plaintiffs
PO Box 537
McHenry, MD  21541
(301) 387-2800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this __th day of February, 2004, I mailed, postage prepaid a copy of the foregoing to:

Kathleen M. Bustraan, Esquire
Jennifer S. Lubinski, Esquire
Lord & Whip, P.A.,
Charles Center South, 10th Floor
36 S. Charles Street
Baltimore, Maryland 21201
**Attorney for Defendant's and Third-Party Plaintiffs**

AND

Donald L. Speidel, Esquire
Law Offices of Progressive Casualty Insurance Co.
800 Red Brook Boulevard Suite 120
Owings Mills, MD  21117

AND

**Toyja E. Kelley, Esquire**
**Tydings and Rosenberg, LLP**
**100 East Pratt Street**
**Baltimore, Maryland 21202.**

_____
**Arnold F. Phillips, Esq.**

Exhibit A  Complaint

Exhibit B  Notice of Electronic filing

Exhibit C  Scheduling Order

Exhibit D  Original Scheduling Order