## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
*

**BRUCE ALLEN LILLER**                              *


       **Plaintiff**                                    *

**VS.**                                             *      **CASE NO.:  MJG-02-CV-3390**
                                                           **(Consolidated with MJG-02-CV-3391)**
**ROBERT KAUFFMAN, et al.**                         *

       **Defendants and**                              *
       **Third-Party Plaintiffs**
                                                    *

**v.**
                                                    *

**ROGER LEE HELBIG**
                                                    *
       **Third-Party Defendant**
                                                    *

*     *     *     *     *     *     *     *     *     *     *     *

## MEMARANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION IN
## LIMINE TO PRECLUDE TESTIMONY OF CHARLES COHEN, PhD.


### FACTUAL BACKGROUND

This matter arises from an automobile accident near Oakland Maryland on the

17th day of April, 2002.  Plaintiffs were passengers in a vehicle that while traveling down

the boulevard of Paul Friend Road that collided with a flatbed trailer attached to a truck

driven by Defendant Robert Kauffman. Kauffman was attempting to pull out of a

driveway and blocked the right of way of the vehicle in which Plaintiffs were riding.

Plaintiffs Michael Liller suffered a Brain Injury and a broken collarbone and his brother

Bruce Liller suffered a broken back and lost the use of his spleen.  Both Plaintiffs

suffered serious injury including loss of income and medical expenses (Exhibit E).

Plaintiffs herein have designated Charles Cohen, PhD. as their expert to testify in respect to the need for future medical treatment and the costs associated with this treatment and future lost earning capacity for both Michael and Bruce Liller.  Dr. Cohen prepared reports for both Bruce Liller and Michael Liller in connection with this matter. (Exhibits B & Exhibit C)

Defendants herein contend that Dr. Cohen is unreliable and does not base his opinions on facts in evidence and request that this Court disqualify him as an expert prior to trial.  In their Motion in Limine, Defendant does not appear to contest whether Dr. Cohen carries the credentials necessary (Exhibit A) to be certified as an Expert before this Court but challenges whether his opinions are based on a factual foundation and are reliable.

**Law and Argument**

The standard for admitting an expert in the field of Expert testimony as recited by the United States Supreme Court;  "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training,  or education, may testify thereto in the form of an opinion or otherwise." Daubert v. Merrell Dow Pharmaceuticals 509 US 579 (1993)   "The Rules of Evidence - especially Rule 702 - do assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. Pertinent evidence based on scientifically valid principles will satisfy those demands.  Id. at 579  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible

evidence.  Additionally, in the event the trial court concludes that the scintilla of evidence

presented supporting a position is insufficient to allow a reasonable juror to conclude that

the position more likely than not is true, the court remains free to direct a judgment,

Fed.Rule Civ.Proc. 50(a), and likewise to grant summary judgment, Fed.Rule Civ.Proc.

Given the education and experience of Dr. Cohen, he could surely educate the

jury regarding the economic losses and damages of both Bruce Liller and Michael Liller.

However, Defendant Kauffman contends that the opinion of Dr. Cohen is unreliable.

Defendants cite the authority of Elcock v. Kmart 233 F.3d 734 (2000) as authority for

their proposition.  In Elcock, the 3rd Circuit reversed a jury verdict due to the fact that an

Economic Expert testified to a loss of earnings figure that did not take into account the

current income of the Plaintiff, or the past income of the Plaintiff. The Economist did not

explain any real world facts to support his wage loss calculation. Id.

In regards to Bruce Liller, Defendants spent much effort criticizing the fact that

Dr. Cohen based his calculations upon his opinion that Bruce Liller has a wage earning

capacity of $23 per hour.  This modest amount was not based on speculation but in fact.

Dr. Cohen worked in conjunction with Economist Jeroen  Walstra, M.A., C.E.A. who

verified the findings of Dr. Cohen by consulting the BLS.GOV website to determine the

national average wage for the employment of Bruce Liller prior to the accident.  This

amount was corroborated by the real life fact that Bruce Liller is currently being paid $15

per hour as a supervisor, but also needs a helper who is paid $8 to carry his tools. (Exhibit

A p. 23.) .  Dr. Cohen also considered the fact that Bruce Liller worked for his father's

construction company making the same wage as he did before the accident even though

he is no longer able to lift or perform strenuous physical activity and needs to take

frequent bathroom breaks due to the loss of his spleen. (Exhibit C p.2).   In contrast to the

wage capacity of Bruce Liller, Dr. Cohen determined that Michael Liller had a wage

earning capacity of $12 per hour, which was exactly the same wage that Michael Liller

earned before the accident.  (Exhibit B.).

Defendant also contends that that despite his being a licensed Psychologist, Dr.

Cohen should be prohibited from testifying about his opinion that Michael Liller was in

need of further psychological treatment and the need for psychotropic medication.  While

Defendant strives to point to the fact that Dr. Cohen cannot prescribe the medicine, Dr.

Cohen can certainly testify to potential treatments and costs for the further treatments.

Defendant also criticizes Dr. Cohen for not knowing the current treatment status

of Micheal Liller (Exhibit G p. 48-50), although it is evident from his report that he

performed and evaluation of Michael Liller as of August 27 of 2003 (Exhibit B p.1).  Dr.

Cohen has never been proffered to testify as a treating psychologist who would monitor

the medications of Michael Liller.

Defendant also contends that the opinions of Dr. Cohen are without foundation

and suggest that the opinions of Dr. Cohen may depend on fictional or random data.  Dr.

Cohen based his opinions upon his extensive interview and testing of Michael Liller, and

a review of the medical records of Michael Liller.

Finally, as Elcock suggests, the Court has the discretion under Rule 402 to allow

an expert to testify to opinions supported by the record and exclude testimony that has no

basis in evidence.  The Court should determine what issues Dr. Cohen can testify to at

trial only after considering the facts and witnesses presented at trial.  Should the Court

agree with any the contentions of Defendants regarding Plaintiffs experts, the Court

should not Order a wholesale denial of the entire opinion as opposed to eliminating the specific items not supported by the evidence or the experts qualifications.

## CONCLUSION

Dr. Charles Cohen is a licensed psychologist who has interviewed both Michael and Bruce Liller reviewed their medical records, researched their future needs and authored his expert opinion regarding his recommendations regarding future treatment and lost wages.   There is no question that he is qualified to testify as an expert herein. While Defendant may not agree with the opinions of Dr. Cohen, the opinions are based on verified facts and are reliable.  Certainly, Dr. Cohen can assist aid the jury to understand the facts at issue in this case.

/S/ Arnold F. Phillips, Esq
PO Box 537
McHenry, MD  21541
(301) 387-2800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 18th day of February, 2004, a copy of the foregoing was served electronically to:

Kathleen M. Bustraan, Esquire
Jennifer S. Lubinski, Esquire
Lord & Whip, P.A.,
Charles Center South, 10th Floor
36 S. Charles Street
Baltimore, Maryland 21201
Attorney for Defendant's and Third-Party Plaintiffs

AND

Donald L. Speidel, Esquire
Law Offices of Progressive Casualty Insurance Co.
800 Red Brook Boulevard Suite 120

**Owings Mills, MD  21117**

**AND**

**Toyja E. Kelley, Esquire**
**Tydings and Rosenberg, LLP**
**100 East Pratt Street**
**Baltimore, Maryland 21202.**