IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BRUCE ALLEN LILLER et.al.** | |
| Plaintiff | |
| VS. | CASE NO.: MJG-02-CV-3390 <br> (Consolidated with MJG-02-CV-3391) |
| **ROBERT KAUFFMAN, et al.** | |
| Defendants and <br> Third-Party Plaintiffs | |
| v. | |
| **ROGER LEE HELBIG** | |
| Third-Party Defendant | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN OPPOSITION TO
<u>DEFENDANT'S FIRST MOTION IN LIMINE</u>**

Plaintiffs, Bruce Allen Liller, Mary Liller and Dwight Liller, individually and as legal guardians and next friend of, Michael Paul Liller, Plaintiffs, file this memorandum in defense of the Defendant's First Motion in Limine and state as follows:

<u>Statement of Facts</u>

This matter arises from an automobile accident near Oakland, Maryland ,on the 17th day of April, 2002.  Plaintiffs were passengers in a vehicle that while traveling down the boulevard of Paul Friend Road that collided with a flatbed trailer attached to a truck driven by Defendant Robert Kauffman. Kauffman was attempting to pull out of a driveway and blocked the right of way of the vehicle in which Plaintiffs were riding. Plaintiff Michael Liller suffered a Brain Injury and a broken collarbone and his brother

Bruce Liller suffered a broken back and lost the use of his spleen. Both Plaintiffs suffered serious injury including loss of income and medical expenses (Exhibit E).

The Plaintiffs have named three physicians as expert witnesses: Dr. Raymond Drapkin, Dr. Jack Bergstein, and Dr. Kristi Williams. (Exhibit B) Defendants deposed each of the experts. During Dr. Drapkin's deposition, he testified that he had personally seen Bruce Liller and reviewed his medical records and his opinions thus far are limited to Bruce Liller. (Exhibit C, Pg. 2.)

In her deposition, Dr. Williams responded very precisely to questioning, responding that she would not need any additional materials if she was only to testify about her own treatment. (Exhibit D.) This Expert was asked nothing about her ability to form an opinion about the reasonableness and necessity of those doctors. Defendants in their motion have not produced any proof that this witness has no opinion or is incapable of forming an opinion about the medical charges of Plaintiffs.

In his deposition, Dr. Bergstein was asked "In other words, up to this point, you haven't reviewed, or said yea or nea with respect to the cost of medical care associated with any treatment that was provided to Michael Liller or to Bruce Liller", he responded, "Up to this point, I have no information about the cost of care for Michael Liller or Bruce Liller." (Exhibit E p.71.)[1] Dr. Bergstein in the attached Affidavit states that he was not asked at the deposition whether the medical bills of Michael Liller, and Bruce Liller were fair and reasonable, and further affirms that the treatments provided at Ruby Memorial

---

[1] The reading and signing of his deposition was not waived by Dr. Bergstein. The deposition was mailed to him on January 29, 2004. His deposition becomes final only upon his signature and resubmission or the passage of 30 days, neither of which has occurred. Because of this, the Plaintiffs would like to make note of their objection to the Defendants' use of Dr. Bergstein's deposition in their First Motion in Limine.

Hospital were reasonable and necessary and the corresponding charges were fair and reasonable.

### Argument

The Court should allow the Plaintiffs to offer the medical expenses as proof of special damages because the Plaintiffs plan to offer several expert witnesses to testify as to whether those expenses were fair and reasonable. "In order for the amount paid or incurred for medical care to be admissible as evidence of special damages, there ordinarily must be evidence that the amounts are fair and reasonable." Shpigel v. White, 357 Md. 117, 128, 741 A.2d 1205, 1211 (1999), superceded on other grounds Plein v. DOL, Licensing & Registration, 369 Md. 421, 800 A.2d 757 (2002). Merely presenting the amounts represented by the document does not establish the reasonableness of the services. Id. "The only requirement was that the plaintiffs should 'have evidence' that the charges were reasonable." Id. citing Kujawa v. Baltimore Transit Co., 224 Md. 195, 208, 167 A.2d 96, 102 (1961). The reasonableness of an expense can be established by comparing the costs with the costs of similar procedures at other hospitals. Desua v. Yokim, 137 Md. App. 138, 144, 768 A.2d 56, 59 (1999). To be reasonable, a medical expense must also be necessary, which may be shown by a witness who is able "to explain why the patient's physician chose a particular type of treatment." Id.

The Plaintiffs have named three physicians as experts, and identified these physicians to establish the reasonableness of the Plaintiffs' medical expenses. (Exhibit 2). Defendants do not appear to challenge the qualifications of either of the three experts as able to form an opinion as whether the medical bills were fair and reasonable or that the treatment provided was necessary.

However, the Defendants have moved to prevent the expert testimony at trial regarding the medical expenses of Plaintiffs. Their motion is based upon the premise that the Experts did not spontaneously testify that the charges were fair and reasonable.

Plaintiff's Expert, Dr. Bergstein was not formally asked by Defendants whether the bills for Plaintiffs were fair and reasonable. When Dr. Bergstein was asked "In other words, up to this point, you haven't reviewed, or said yea or nea with respect to the cost of medical care associated with any treatment that was provided to Michael Liller or to Bruce Liller", he responded, "Up to this point, I have no information about the cost of care for Michael Liller or Bruce Liller." (Exhibit E, p.71.). Dr. Bergstien submitted the Affidavit herein specifically stating that he was the treating physician and was not asked whether the medical bills were fair and reasonable, and further stated that he can offer the opinion in regards to fairness and reasonableness of the medical bills. (Exhibit F).

In the same manner, Defendants failed to ask Plaintiffs' Expert Kristi Williams specifically whether she could testify about the fairness and reasonableness of Plaintiffs' medical bills. Instead, at her deposition Williams was asked, "Is there any additional information that you think you need to help you testify in this case or any issue that you think you need additional information to evaluate?" Transcript of Deposition of Kristi Williams, Pg 43 Lns 13-16. In response, Williams carefully stated, "Not if I'm testifying on behalf of *my treatment* and where he was at the time of discharge." Id. at Pg 43, Lns 17-18 (emphasis added). But this statement does not mean that she intends not to testify on other matters. She only said that she needs no other information if she is only to testify about her own treatment of the Plaintiff.

While Shpigel and its progeny may be an accurate and current assessment of the law, the Defendants' reliance thereupon is misplaced. In Shpigel, the Court of Appeals of Maryland affirmed a granted motion for summary judgment. The trial court granted the motion for summary judgment because Shpigel did not plan on calling any expert witnesses and therefore could not prove several key elements of her case, including whether her medical expenses were reasonable and necessary. Id. at 127-128, 741 A.2d at 1210-1211. The appellate court made clear that the dismissal was proper because there must be some evidence to show the reasonableness and necessity of medical expenses and the plaintiff made clear that she was not going to present that evidence. Id. at 128, 741 A.2d at 1211.

The current case is very different from that situation. The Plaintiffs do plan on calling expert witnesses and to have at least one of those witnesses testify as to the reasonableness and necessity of the medical expenses.

Breaking the analysis down further, for the expenses to be fair and reasonable, they must also be shown to be necessary and their reasonableness can be shown by comparison to the costs for similar treatments in other hospitals. Desua v. Yokim, 137 Md. App. 138, 144, 768 A.2d 56, 59 (1999). Desua also involved a plaintiff offering medical costs as evidence of special damages and like Shpigel, the plaintiff refused to name any expert witnesses. However, the plaintiff in Desua was attempting to prove the reasonableness of the medical expenses by offering the testimony of a hospital billing manager. Id. at 142, 768 A.2d at 58. The trial court granted the defendant's motion for partial summary judgment on the basis that without expert witnesses, the plaintiff would not be able to offer the medical costs and, therefore, have no proof of special damages.

Id. at 143, 768 A.2d at 58. The Maryland Court of Special Appeals affirmed the case citing Shpigel's requirement for proof of reasonableness and further held that a billing manager is not competent to verify whether the stated procedures included in the medical expenses were necessary. The witness must be able "to explain why the patient's physician chose a particular type of treatment." Id. at 144, 768 A.2d at 59.

The Plaintiffs in the case *sub judice* are offering certified doctors to testify to the reasonableness and fairness of the offered medical expenses.

Another case, Thomas v. Owens, 28 Md. App. 442, 346 A.2d 662 (1975) provides an example where the appellate court affirmed the trial court's decision to admit the medical expenses as evidence of special damages. Id. at 450, 346 A.2d at 667. The plaintiff produced a doctor with whom he had consulted concerning his injuries as a witness. The doctor testified that the expenses listed on the medical bills were, according to accepted regional standards, fair and reasonable. After this foundation was laid, the trial court accepted the medical expenses, as listed on a bill, into testimony over objection by the defendant and the appellate court affirmed. Id. at 445, 346 A.2d at 664.

Moreover, the Plaintiffs in the current case have consulted with three independent doctors concerning their injuries and plan on producing each of them as a witness to testify to these matters. Once they are allowed to testify and verify the reasonableness and necessity of the medical expenses, said expenses will be acceptable as evidence of special damages.

Additionally, Plaintiffs Expert witnesses Jack Bergstein and Kristi Williams are the treating doctors for Plaintiffs who have personal knowledge as to the medical

treatment of Plaintiffs'. They can testify as to the necessity and reasonableness of the treatments provided to Plaintiffs and the costs associated with those treatments.

### Conclusion

The Defendants have failed to meet their burden of proof showing that Plaintiffs expert witnesses should not be able to testify regarding the fairness and reasonableness of the medical bills of Plaintiffs. Plaintiffs have identified three witnesses to testify as to whether the medical care provided to Plaintiffs was necessary and the bills reasonable. As evidenced by the Affidavit of Jack Bergstien, Defendants have failed to request the opinions of these experts in regards to the reasonableness and fairness of the medical bills. Plaintiffs herein through Affidavit have established that they have at least one Expert who has an opinion and can comment on the reasonableness of the medical bills, therefore, the Motion in Limine must be denied.

/s/ Arnold F. Phillips, Esquire
Attorney for Plaintiffs
PO Box 537
McHenry, MD  21541
(301) 387-2800

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this ___th day of February, 2004, I mailed, postage prepaid a copy of the foregoing to:

Kathleen M. Bustraan, Esquire
Jennifer S. Lubinski, Esquire
Lord & Whip, P.A.,
Charles Center South, 10th Floor
36 S. Charles Street

        Baltimore, Maryland 21201
        Attorney for Defendant's and Third-Party Plaintiffs

        AND

        Donald L. Speidel, Esquire
        Law Offices of Progressive Casualty Insurance Co.
        800 Red Brook Boulevard Suite 120
        Owings Mills, MD  21117

        AND

        Toyja E. Kelley, Esquire
        Tydings and Rosenberg, LLP
        100 East Pratt Street
        Baltimore, Maryland 21202.


        _____
        Arnold F. Phillips, Esq.


Exhibit A  26a1 disclosure

Exhibit B  26a2 disclosure

Exhibit C Drapkin depo

Exhibit D Williams Depo

Exhibit E Bergstein Depo

Exhibit F Bergstein Affidavit