4. That I have reviewed all medical records for treatment provided to Michael Liller and Bruce Liller through the date of discharge from Ruby Memorial Hospital and I can offer an opinion in regards to the necessity of treatment and the fairness and reasonableness of their medical bills.

5. That at the deposition of myself on January 21, 2004, I was not asked whether the medical bills for Michael Liller and Bruce Liller were fair and reasonable.

6. That I have exercised my right to read and sign the Deposition and as of today, have not returned the signed Deposition to Gore Reporting.

I SOLEMNLY AFFIRM, UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FORGOING PAPER ARE TRUE.

*[signature]*

Jack M. Bergstein, M.D.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRUCE ALLEN LILLER

    Plaintiff

VS.

ROBERT KAUFFMAN, et al.

    Defendants and
    Third-Party Plaintiffs

v.

ROGER LEE HELBIG

    Third-Party Defendant

CASE NO.: MJG-02-CV-3390
(Consolidated with MJG-02-CV-3391)

## AFFIDAVIT

## OF JACK M. BERGSTEIN, M.D.

I Jack M. Bergstein, being over the age of eighteen, not a party to this case and competent to testify to the following facts herein make the following affidavit.

1. I am a licensed medical doctor who treated Michael Liller and Bruce Liller at Ruby Memorial Hospital in Morgantown, West Virginia for injuries sustained in a Motor Vehicle Accident on April 17, 2002.

2. That the treatment provided to Michael Liller and Bruce Liller by myself and other staff at Ruby Memorial Hospital was reasonable and necessary.

3. That the charges for the services provided by Ruby Memorial Hospital to Michael Liller and Bruce Liller were fair and reasonable.