IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

|  |  |
|---|---|
| BRUCE ALLEN LILLER, et al. | * |
| Plaintiff | Case No.:  MJG 02-CV-3390 |
| | * (Consolidated with MJG 02-CV-3391) |
| v. | * |
| ROBERT KAUFFMAN, et al. | * |
| Defendants and Third-Party Plaintiffs | * |
| v. | * |
| ROGER LEE HELBIG | * |
| Third-Party Defendant | * |

\* \* \* \* \* \* \*

**REPLY TO  OPPOSITION TO DEFENDANTS' MOTION
IN LIMINE TO PRECLUDE TESTIMONY OF CHARES COHEN, PH.D.**

Defendants, Robert Kauffman and Joseph Kauffman, by their undersigned counsel, and pursuant to Rule 702 of the Rules of Evidence, reply to the Opposition to their Motion to Preclude Testimony of Charles Cohen, Ph.D., and state:

1. Plaintiffs simply have not responded to the substantive arguments in Defendants' Motion in Limine.  Dr. Cohen holds an opinion that Bruce Liller's wage earning capacity prior to the accident at issue in this case was $23.00 per hour, *despite the fact that he never earned such a wage*.  Instead, Dr. Cohen relies upon statistics obtained from the United States Department of Labor showing the national average hourly wage for comparable work.  Mr. Liller never personally

demonstrated the ability to earn $23.00 per hour; instead, immediately prior to the accident in this case, he earned $15.00 per hour, which is what he also currently earns. Dr. Cohen's testimony would permit a jury to award Mr. Liller damages for the loss of wages *he never earned* before the accident he alleges, and therefore lacks foundation and would not assist the trier of fact in this case.

2. Further, Dr. Cohen himself testified that, as a psychologist, he is not qualified to prescribe medications. Plaintiffs' argument that Dr. Cohen could nevertheless testify about "potential treatments" and their cost is incorrect. No medical doctor has prescribed or even suggested the therapies discussed by Dr. Cohen, including prescription medications. Dr. Cohen is not qualified, by his own admission, to determine what medications would be appropriate for any given patient, and should not be permitted to opine, in this case, that Michael Liller requires a course of psychotropic medications.[1] For one thing, Mr. Liller may have an unrelated medical condition which would preclude the use of any given therapy. Dr. Cohen should not be permitted to express opinions concerning treatment he would be precluded from prescribing himself, as such opinions would only mislead the trier of fact in this case. Nothing in Mr. Liller's interview or medical records provides Dr. Cohen the medical training which he has already admitted he lacks.

---

[1] In addition, Plaintiffs have not responded to Defendants' arguments with respect to the *basis* for Dr. Cohen's opinions concerning the cost of the medications he believes should be taken by Mr. Liller. Mr. Walstra, a certified vocational economist, apparently determined the projected cost for that therapy by presuming that Mr. Liller would be prescribed Zoloft and checking a website to determine its projected cost.

2

3. Although Plaintiffs suggest that this Court delay considering whether to preclude Dr. Cohen's testimony until after they have had an opportunity to present their witnesses at trial, if Plaintiffs have evidence, such as a medical doctor's opinion or other evidence supporting Dr. Cohen's opinions, it has not been presented to Defendants to date. Discovery in this case is closed, depositions of Plaintiffs' expert witnesses have been completed. It is difficult to imagine what testimony might provide a foundation upon which Dr. Cohen could base the opinions discussed above, but even so, any such evidence should have been disclosed to Defendants previously. Further, Dr. Cohen testified as to the bases for his opinions at deposition and did not provide any foundation for his opinions other than what has already been described.

WHEREFORE, Defendants, Robert Kauffman and Joseph Kauffman, respectfully request that this Court grant their Motion in Limine to Preclude Testimony by Charles Cohen, Ph.D.

*/s/ Kathleen M. Bustraan*
Kathleen M. Bustraan
(Bar No. 24417)
Jennifer S. Lubinski
(Bar No. 25160)
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, Maryland 21201
(410) 539-5881

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on this 20th day of February, 2004, a copy of the foregoing Reply to Opposition to Motion in Limine to Preclude Testimony by Charles Cohen, Ph.D. was electronically filed with the United States District Court for the District of Maryland with notice sent to: Arnold F. Phillips, Esquire, 25254 Garrett Highway, Suite 4, P.O. Box 537, McHenry, Maryland 21541, Attorney for Plaintiffs; and Donald L. Speidel, Esquire, 800 Red Brook Boulevard, Suite 120, Owings Mills, Maryland 21117.

                                                */s/ Jennifer S. Lubinski*
                                                Jennifer S. Lubinski
                                                (Bar No. 25160)

314151