IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| BRUCE ALLEN LILLER, et al. | | |
| | * | |
| Plaintiffs | | Case No.:  MJG 02-CV-3390 |
| | * | (Consolidated with MJG 02-CV-3391) |
| v. | | |
| | * | |
| ROBERT KAUFFMAN, et al. | | |
| | * | |
| Defendants and | | |
| Third-Party Plaintiffs | * | |
| | | |
| v. | * | |
| | | |
| ROGER LEE HELBIG | * | |
| | | |
| Third-Party Defendant | * | |

\*     \*     \*     \*     \*     \*     \*

## REPLY TO OPPOSITION TO DEFENDANTS' FIRST MOTION IN LIMINE

Defendants, Robert Kauffman and Joseph Kauffman, by their undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, file the following Reply to Opposition to Defendant's First Motion in Limine, and state:

## DISCUSSION

Defendants' First Motion in Limine seeks to preclude evidence of Plaintiffs' medical bills because no evidence of the reasonableness and necessity of Plaintiffs' treatment and expenses was introduced by Plaintiffs' expert witnesses.  Plaintiffs have responded by offering an Affidavit by one of their expert witnesses, Jack Bergstein, M.D., attesting to the reasonableness and

necessity of their medical treatment and expenses. In addition, Plaintiffs have challenged other arguments set forth in Defendants' Motion in Limine. For the reasons set forth below, the Affidavit submitted by Dr. Bergstein directly contradicts previously sworn deposition testimony, and should therefore be disregarded. Further, Plaintiff's arguments with respect to Ms. Kristi Williams and Raymond Drapkin, M.D. are without merit.

### A. Ms. Kristi Williams

Although Plaintiffs claim that they have identified three "physicians" as expert witnesses on their behalf, including "Dr." Kristi Williams, it should be noted that Ms. Williams holds neither a medical degree nor a doctorate degree. Ms. Williams is a Master's-prepared psychologist (see Deposition of Kristi Williams, p. 5).[1] During her deposition, Ms. Williams was asked the following:

> Q:    If Mr. Phillips calls you to the witness stand and says – asks you all these questions I just asked you about your background and then asks you to testify about Mr. Liller, what opinions do you intend to offer?

> A:    I would basically provide the information that I have documented in his medical records in terms of my diagnosis and treatment protocol while I saw him.

Deposition of Kristi Williams, p. 15.

---

[1]    In addition, *any* testimony allowed by Ms. Williams must be limited solely to Plaintiff Michael Liller, whom Ms. Williams treated following the incident at issue in this case. Ms. Williams never participated in Bruce Liller's care, and as a psychologist, Ms. Williams would not be qualified to testify with respect to the reasonableness and necessity of treatment claimed by Bruce Liller, including spinal fusion surgery and related physical therapy.

In addition, Ms. Williams testified that in preparation for her testimony, she reviewed only her notes and charts (Deposition of Kristi Williams, p. 16).  She agreed that she would not provide any opinions with respect to Michael Liller's "physical therapy, occupational therapy, speech therapy, . . . hospital stay or any neuropsychological evaluation . . ." (Deposition of Kristi Williams, p. 16-17).

In response to a query about whether she needed additional information to assist her in preparing her opinions, Ms. Williams responded, "Not if I'm testifying on behalf of my treatment and where he was at the time of discharge" (Deposition of Kristi Williams, p. 43).  Plaintiffs characterize this response by the witness as "careful," arguing that the witness did not foreclose her ability to testify about other matters as well.[2]

While that may or may not be the case, if Ms. Williams intended to provide testimony with respect to the reasonableness and necessity of Michael Liller's medical treatment and expenses, her opinions in that regard should have been disclosed to Defendants when the witness was identified in Plaintiffs' Rule 26(a)(2) Disclosures.  At the very least, her opinions should have been made known to Defendants during the witness' deposition.  Although Plaintiffs are

---

[2]  Immediately prior to the testimony at issue, the witness had been asked whether her testimony at trial had been requested, and she  responded that it had not (Deposition of Kristi Williams, p. 43).  Her subsequent testimony accordingly may have been influenced by the fact that she did not know whether her testimony would be requested by Plaintiffs, or what its scope would be.

correct that Defendants did not specifically ask Ms. Williams whether she held such an opinion, the question seemed unnecessary, as Ms. Williams testified she had not reviewed the medical bills (Deposition of Kristi Williams, p. 16), and held no opinions with respect to physical therapy, hospitalization and other treatment provided to Mr. Liller (Deposition of Kristi Williams, p. 16-17).

Plaintiffs' attempt to "piggyback" into evidence medical opinions through the testimony of a Masters'-prepared psychologist is inappropriate. Ms. Williams is not qualified to testify outside of the field of psychology, and further, was not previously offered as an expert to provide testimony concerning the reasonableness and necessity of Michael Liller's treatment and expenses. She should not be permitted to testify in that regard.

## B.  Raymond Drapkin, M.D.

Dr. Drapkin, an orthopedic surgeon, has been offered by Plaintiffs to testify concerning Plaintiff Bruce Liller's physical condition.[3]  He was asked at deposition whether he held any opinions concerning the reasonableness and necessity of Mr. Liller's treatment and expenses, and he responded that he did not (Deposition of Raymond Drapkin, p. 16).  Although Plaintiff argues that Dr. Drapkin's opinions were only so limited "thus far," Dr. Drapkin's testimony at deposition was quite clear.  Plaintiffs' suggestion to the contrary, that Dr. Drapkin

---

[3]  Similarly, as an orthopedic surgeon, Dr. Drapkin would not appear qualified to testify with respect to the reasonableness or necessity of treatment provided to Michael Liller, who allegedly suffered a brain injury as a result of the accident at issue in this case.  Dr. Drapkin testified at deposition that he held opinions solely with respect to Bruce Liller (Deposition of Raymond Drapkin, p. 2).

4

might reverse himself and form such opinions before his testimony at the trial of this case, is insufficient to warrant denial of Defendants' Motion.

Bruce Liller's medical bills and records were available at the time Dr. Drapkin formed his opinions; in fact, he reviewed Mr. Liller's medical records (Deposition of Raymond Drapkin, M.D., p. 10).  No new evidence has been developed to support an amendment or supplement of Dr. Drapkin's opinions. Plaintiffs previously failed to offer Dr. Drapkin with respect to this issue, and they should not be allowed to do so after the close of discovery.

### C.  Jack Bergstein, M.D.

Dr. Bergstein is a surgeon who treated Michael Liller as an attending physician for one day following the accident at issue in this case (Deposition of Jack Bergstein, M.D., pp. 13, 35).  At deposition, he testified that he had not reviewed any information concerning the cost of care for either Plaintiff (Deposition of Jack Bergstein, M.D., p. 71).[4]  Defendants did not inquire whether Dr. Bergstein held any opinions as the reasonableness and necessity of Plaintiffs' medical expenses, because he testified he had not reviewed that information.

Plaintiffs have attached, as an Exhibit to their Opposition, Dr. Bergstein's Affidavit in which he avers that he may opine that the treatment rendered to both

---

[4]  Plaintiffs object that Defendants cited Dr. Bergstein's transcript, which, because Dr. Bergstein did not waive the right to read and sign, has not yet become final.  It should be noted that Dr. Bergstein's deposition was rescheduled on two occasions because the doctor either failed to reserve sufficient time for completion of the deposition or had a personal emergency.  His deposition could not therefore not be concluded within sufficient time to allow it to become final before the mediation of this case.  In addition, any changes Dr. Bergstein might make to the transcript must be limited to those intended to conform the transcript to his testimony, and there is no evidence or suggestion that the transcript is in any way inaccurate with respect to the issues in these Motions.

Plaintiffs was necessary and that the expenses associated therewith were fair and reasonable.[5]  However, it is well-established that a party "may not create an issue of fact by submitting an affidavit that is inconsistent with prior deposition testimony." Cleveland v. Policy Mgmt. Sys, Corp., 526 U.S. 795, 806, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999); Rohrbough v. Wyeth Labs., Inc., 916 F.2d 970, 975 (4th Cir. 1990).  A Court should disregard an affidavit when it concludes that it constitutes an attempt to create a sham issue of fact.  Franks v. Nimmo, 796 F.2d 1230, 1237 (10th Cir. 1986).

Although the "sham affidavit" rule is typically asserted in the context of motions for summary judgment, in which a party produces a contradictory affidavit in an effort to create a factual dispute,[6] the rule applies no less convincingly here.  Plaintiffs have provided no reasons to explain Dr. Bergstein's failure previously to provide the opinions he now holds.  Plaintiffs' records and bills were available to Dr. Bergstein well before he was deposed.  Plaintiffs failed to produce evidence required to support their claim for medical expenses until *after* Defendants filed their Motion in Limine.

---

[5]  Although Dr. Bergstein avers that he has reviewed the medical records associated with both Plaintiffs' treatment, he does not state whether he has reviewed the bills.

[6]  *See, e.g.,* Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 5 (1st Cir. 1994); Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2nd Cir. 1996); Hackman v. Valley Fair, 932 F.2d 239, 241 (3rd Cir. 1991); Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984); Albertson v. T. J. Stevenson & Co., 749 F.2d 223, 228 (5th Cir. 1984); Davidson & Jones Dev. Co. v. Elmore Dev. Co., 921 F.2d 1343, 1352 (6th Cir. 1991); Slowiak v. Land O'Lakes, Inc., 987 F.2d 1293, 1297 (7th Cir. 1993); Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365-1366 (8th Cir. 1983); Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991); Franks v. Nimmo, 796 F.2d 1230, 1237 (10th Cir. 1986); Tippens v. Celotex Corp., 805 F.2d 949, 953-954 (11th Cir. 1986); Pyramid Securities Ltd. v. IB Resolution, Inc., 924 F.2d 1114, 1123 (DC Cir.), *cert. denied*, 502 U.S. 822, 116 L. Ed. 2d 57, 112 S. Ct. 85 (1991); Sinskey v. Pharmacia Ophthalmics, Inc., 982 F.2d 494, 498 (Fed. Cl. 1992), *cert. denied*, 508 U.S. 912, 124 L. Ed. 2d 256, 113 S. Ct. 2346 (1993).

As with Summary Judgment procedure, rulings *in limine* act to weed act issues not appropriate for trial. Alternatively, should this Court conclude it would be appropriate, it may treat Defendants' Motion in Limine as if it were a Motion for Partial Summary Judgment filed pursuant to Rule 56. *See* Banque Hypothecaire Du Canton de Geneve v. Union Mines, Inc., 652 F. Supp. 1400, 1401 (D. Md. 1987). Under either view, Plaintiffs should not be permitted to alter previously sworn testimony by submitting Dr. Bergstein's Affidavit.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Opposition to Defendants' First Motion in Limine provides insufficient reason to justify admitting evidence of Plaintiffs' medical expenses. Throughout the discovery process, Plaintiffs had opportunities to introduce evidence of the fairness and reasonableness of their treatment and expenses and failed to do so. Accordingly, evidence of their medical expenses should be precluded at the trial of this case.

*/s/ Kathleen M. Bustraan*
Kathleen M. Bustraan
(Bar No. 24417)
Jennifer S. Lubinski
(Bar No. 25160)
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, Maryland 21201
(410) 539-5881

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT on this <u>24</u>th day of February, 2004 the foregoing Reply to Opposition to Defendants' First Motion in Limine was electronically filed with the United States District Court for the District of Maryland with notice sent to: Arnold F. Phillips, Esquire, 25254 Garrett Highway, Suite 4, P.O. Box 537, McHenry, Maryland 21541, Attorney for Plaintiffs; and Donald L. Speidel, Esquire, 800 Red Brook Boulevard, Suite 120, Owings Mills, Maryland 21117.


*/s/ Kathleen M. Bustraan*
Kathleen M. Bustraan


314308