Jack Marshall Bergstein, M.D. - 1/21/04

Page 34

```
 1              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND
 2                         VOLUME III

 3   BRUCE ALLEN LILLER, et al.

 4              Plaintiffs
        vs.                              MJG 02-CV-3390
 5
     ROBERT KAUFFMAN
 6
                Defendant
 7   _____/

 8

 9          The telephonic deposition of JACK MARSHALL

10   BERGSTEIN, M.D. was continued on Wednesday, January 21,

11   2004, commencing at 1:50 P.M., at the Law Offices of Lord

12   & Whip, 36 South Charles Street, 10th Floor,

13   Baltimore, Maryland, 21201, before Chuck Peppler, Notary

14   Public.

15   APPEARANCES:

16          ARNOLD PHILLIPS, ESQUIRE (By Telephone)
               On behalf of Plaintiffs
17
            KATHLEEN BUSTRAAN, ESQUIRE
18             On behalf of Defendant

19

20

21   REPORTED BY:  Chuck Peppler
```

13

1  Q   Are you now board certified, sir?

2  A   Yes, I am.

3  Q   In what disciplines?

4  A   In surgery and I have a certificate in --
5  a certificate of added qualifications in surgical
6  critical care.

7  Q   And when were you board certified?

8  A   Hold on a moment and I'll pull up my
9  curriculum vitae.

10 Q   Are you still looking?

11 A   Yes, I am.

12 Q   Okay.

13 A   I'm certified by the American Board of
14 Surgery in 1991 and recertified in 1999.

15     I was certified in surgical critical care
16 in 1993 and recertified in 2003.

17 Q   Dr. Bergstein, just so that you know, I
18 can hear that your voice is fading in some instances.
19 So, if you could take care to speak clearly and into
20 the telephone, it would be helpful, so that we can get
21 all your testimony.

35

STIPULATION

1  
2      It is stipulated and agreed by and between
3  counsel for the respective parties that the filing of this
4  deposition with the Clerk of Court be and the same are
5  hereby waived.
6              - - - - - - -
7  Whereupon,
8          JACK MARSHALL BERGSTEIN, M.D.,
9  called as a witness, having been first duly sworn
10 to tell the truth, the whole truth, and nothing but
11 the truth, was examined and testified as follows:
12          EXAMINATION BY MS. BUSTRAAN:
13    Q.  Dr. Bergstein, when I stopped last time, I think
14 we were just getting started talking about Mr. Bruce
15 Liller.  If we could, I think you told me that you were
16 Mr. Bruce Liller's attending physician for one day; is that
17 right?
18    A.  Yes.
19    Q.  That was April 27th of 2002, which was the day
20 Mr. Liller was discharged?
21    A.  Yes.

71

1    A.  I have no information about their cost, but if
2  asked, I could probably estimate.  I doubt that my estimate
3  would be all that useful.
4    Q.  In other words, up to this point, you haven't
5  reviewed or said yea or nay with respect to the cost of
6  medical care associated with any treatment that was
7  provided to Michael Liller or to Bruce Liller.  Is that
8  accurate?  That would be for someone else to comment upon?
9    A.  Up to this point, I have no information about the
10 cost of care for Michael Liller or Bruce Liller.
11       MS. BUSTRAAN:  Very good.  I think those are all
12 the questions I have at this time.  I don't know if
13 Mr. Phillips has any.
14       MR. PHILLIPS:  I don't have any questions.
15       Dr. Bergstein, I will advise you that you have
16 the right to read and sign your deposition.  You can't
17 change the testimony of your deposition, but you can fill
18 out an errata sheet if there were things that you believe
19 that you had testified are incorrect, which could add to
20 the transcript of the deposition.  You can exercise this
21 right or you can waive the right.  Which would you like to