IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRUCE ALLEN LILLER | * |
| Plaintiff | * |
| VS. | *  CASE NO.:  MJG-02-CV-3390 |
| | (Consolidated with MJG-02-CV-3391) |
| ROBERT KAUFFMAN, et al. | * |
| Defendants and Third-Party Plaintiffs | * |
| v. | * |
| ROGER LEE HELBIG | * |
| Third-Party Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMARANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION IN LIMINE TO PRECLUDE TESTIMONY OF JEROEN WALSTRA**

**FACTUAL BACKGROUND**

This matter arises from an automobile accident near Oakland Maryland on the 17th day of April, 2002. Plaintiffs were passengers in a vehicle that while traveling down the boulevard of Paul Friend Road that collided with a flatbed trailer attached to a truck driven by Defendant Robert Kauffman. Kauffman was attempting to pull out of a driveway and blocked the right of way of the vehicle in which Plaintiffs were riding. Plaintiffs Michael Liller suffered a Brain Injury and a broken collarbone and his brother Bruce Liller suffered a broken back and lost the use of his spleen.  Both Plaintiffs suffered serious injury including loss of income and medical expenses (Exhibit E).

Plaintiffs herein have designated Jeroen Walstra, M.A., C.E.A. as their Economic expert to testify to the past and future lost earning capacity for both Michael and Bruce Liller. Mr. Walsta prepared reports for both Bruce Liller and Michael Liller in connection with this matter. (Exhibit F).  Mr. Walstra has prepared a reports on his opinions for both Michael Liller and Bruce Liller. (Exhibits B & Exhibit C)

Defendants herein contend that Mr. Walstra is unqualified to testify as an Economic Expert in this matter.   Mr. Walsra has worked as a professional earnings analyst for the past six years, (Walstra Deposition p.9) testified before State courts, (Walstra Deposition p13).  Mr. Walstra is a member of the National Association of Forensic Economists (NAFF), the Eastern Economics Association (EEA), and the American Rehabilitation Economics Association, (AREA), (Walstra Deposition p.9).  He has also passed the test to become a Certified Earnings Analyst, and still holds that certification. (p.6-7).

In addition to his other qualifications (See Exhibit A) Mr. Walstra has held a certificate in Dutch Law in Economics since 1988, and has post-Masters' credit at from Melhurst College, performed in 1997, relating to vocational economic analysis and testimony (Deposition of Jeroen Walstra, p. 6).  Mr. Walstra has also taught at Chatam College and Point Bark University (p.11).

**Law and Argument**

The standard for admitting an expert in the field of Expert testimony as recited by the United States Supreme Court;  "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training,  or

education, may testify thereto in the form of an opinion or otherwise." <u>Daubert v. Merrell Dow Pharmaceuticals</u> 509 US 579 (1993)  "The Rules of Evidence - especially Rule 702 - do assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. Pertinent evidence based on scientifically valid principles will satisfy those demands.  Id. at 579  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.  Additionally, in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment, Fed.Rule Civ.Proc. 50(a), and likewise to grant summary judgment, Fed.Rule Civ.Proc. 56.." Id at 15

Given the education and experience of Mr. Walstra, (Exhibit A) he surely has the training education and experience to educate the jury regarding the economic losses and damages of both Bruce Liller and Michael Liller.

Defendant Kauffman also contends that the opinions of Mr. Walstra are unreliable. In regards to Bruce Liller, Defendants spent much effort criticizing the fact that Dr. Walstra based his calculations upon his opinion that Bruce Liller has a wage earning capacity of $23 per hour.  Defendants cite the authority of <u>Elcock v.</u> Kmart 233 F.3d 734 (2000) as authority for their proposition.  In <u>Elcock</u>, the 3rd Circuit reversed a jury verdict due to the fact that an Economic Expert testified to a loss of earnings figure that did not take into account the current income of the Plaintiff, or the past income of the

Plaintiff. The Economist did not explain any real world facts to support his wage loss calculation. Id.

While Defendant strives to compare Mr. Walstra to the economic expert in Elcock, the two are actually quite differentiated. In this matter the $23 per hour wage amount for Bruce Liller was not based on speculation but in fact and is supported by reliable statistical data. Mr. Walstra consulted the BLS.GOV website to determine the average wage for the employment of Bruce Liller prior to the accident. This amount was further corroborated by the real life fact that Bruce Liller is currently being paid $15 per hour as a supervisor, but also needs a helper who is paid $8 to carry his tools. (Deposition p. 23.)

In contrast to the wage capacity of Bruce Liller, Mr. Walstra determined that Michael Liller had a wage earning capacity of $12 per hour, which was exactly the same wage that Michael Liller earned before the accident. (Walstra Report Michael Liller). Mr. Walstra verified the past earnings of both Michael Liller and Bruce Liller by inspecting their prior Income Tax Returns (Walstra deposition p.20), and actually met with both Plaintiffs. (Walstra Deposition p.20) The opinions of Mr. Walstra are conservatively based on sound reasoning and verified figures and should surely survive a Daubert analysis.

Finally, as Elcock suggests, the Court has the discretion under Rule 402 to allow an expert to testify to opinions supported by the record and exclude testimony that has no basis in evidence. Prior to the calling of the first witness, it is difficult for the Court to determine what facts and figures an expert may rely upon.

## CONCLUSION

Plaintiffs designated Economic expert Jeroen Walstra M.A.,C.E.A., has qualifications and experience which are more than sufficient for the court to determine that he has specialized knowledge greater than the average individual.  Furthermore, he has based his opinions on fact and sound reasoning as opposed to speculation. Mr. Walstra will certainly be able to assist jury understand the evidence to determine the lost earning capacity and damages due to Plaintiffs Michael and Bruce Liller.

/S/ Arnold F. Phillips, Esq
PO Box 537
McHenry, MD  21541
(301) 387-2800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 18th day of February, 2004, an electronic copy of the foregoing was sent to:

**Kathleen M. Bustraan, Esquire**
**Jennifer S. Lubinski, Esquire**
**Lord & Whip, P.A.,**
**Charles Center South, 10th Floor**
**36 S. Charles Street**
**Baltimore, Maryland 21201**
**Attorney for Defendant's and Third-Party Plaintiffs**

**AND**

**Donald L. Speidel, Esquire**
**Law Offices of Progressive Casualty Insurance Co.**
**800 Red Brook Boulevard Suite 120**
**Owings Mills, MD  21117**

**AND**

**Toyja E. Kelley, Esquire**
**Tydings and Rosenberg, LLP**
**100 East Pratt Street**
**Baltimore, Maryland 21202.**

Case 1:02-cv-03390-MJG   Document 50-2   Filed 02/26/2004   Page 6 of 6