IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRUCE ALLEN LILLER, et al. | * | |
| Plaintiff | * | Case No.:  MJG 02-CV-3390 |
| | * | (Consolidated with MJG 02-CV-3391) |
| v. | * | |
| ROBERT KAUFFMAN, et al. | * | |
| Defendants and Third-Party Plaintiffs | * | |
| v. | * | |
| ROGER LEE HELBIG | * | |
| Third-Party Defendant | * | |

\* \* \* \* \* \* \*

**MOTION TO STRIKE AND REPLY TO PLAINTIFFS'
ANSWER TO DEFENDANTS' MOTION IN LIMINE
TO PRECLUDE TESTIMONY OF JEROEN WALSTRA**

Defendants, Robert Kauffman and Joseph Kauffman, by their undersigned counsel, move to strike the Answer to Defendants' Motion in Limine to Preclude Testimony of Jeroen Walstra, and further reply as follows:

1.  Defendants' Motion in Limine to Preclude the Testimony of Jeroen Walstra was electronically filed with this Court on February 6, 2004, and accordingly Plaintiffs' Response was due by February 23, 2004.  Plaintiffs' Answer to Defendants' Motion in Limine was electronically filed on February 26, 2004.  In addition, contrary to the assertion in the Certificate of Service with respect to Plaintiffs' Answer, Defendants were not provided a copy of Plaintiffs'

Answer to Defendants' Motion in Limine, electronically or otherwise, until February 26, 2004, the date the Motion was filed with this Court. Accordingly, Plaintiffs' Answer to Defendants' Motion in Limine to Preclude Testimony of Jeroen Walstra was not timely filed, and should be stricken.

2.   Furthermore, the substantive arguments contained in Plaintiffs' Answer to Defendants' Motion in Limine are unpersuasive. Although Plaintiffs assert that Mr. Walstra's opinions concerning the Plaintiffs' wage losses are founded in fact because Mr. Walstra consulted the statistics of the Department of Labor, Plaintiffs have failed to address the fact the Mr. Walstra bases his opinions concerning Bruce Liller's wage losses on an hourly wage which Mr. Liller never demonstrated an ability to earn. Mr. Walstra bases his opinion that Bruce Liller's wage earning capacity prior to the accident alleged in this case was $23.00 per hour, because Department of Labor Statistics state that this represents the average hourly wage for construction supervisors nationwide. However, Bruce Liller never earned $23.00 per hour prior to this accident and should not be compensated for his losses at a wage he never actually earned. Mr. Walstra[1] might just have easily have consulted Department of Labor Statistics to determine that Bruce Liller's earnings capacity prior to this accident was $50.00 per hour, assuming the national average for workers in an entirely unrelated occupation earned that rate.

---

[1] Although Plaintiffs refer to Mr. Walstra in their Motion as "Dr. Walstra", Mr. Walstra holds neither a Ph.D. nor a medical degree, and in fact holds a Master's Degree in Marketing and a Bachelor's Degree in Physical Education. Mr. Walstra generally lacks the qualifications to serve as an expert in connection with this case, for the reasons previously stated in Defendants' Motion in Limine to Preclude the Testimony of Jeroen Walstra.

There simply is no logical link between Mr. Walstra's opinions concerning Bruce Liller's wage earnings capacity, and his actual earnings history.

3.  Similarly, rather than consulting the Department of Labor Statistics concerning wages for similar employment with respect to Michael Liller, Mr. Walstra based his opinion concerning Michael Liller's wage earning capacity on Mr. Liller's actual earnings history. There is no explanation provided for Mr. Walstra's use of one methodology with respect to one Plaintiff, and another methodology with respect to another Plaintiff. Mr. Walstra's opinions in this case are completely inconsistent, are not based in fact or sound reasoning, and further would simply not assist the trier of fact.

4.  Although Plaintiffs suggest that this Court should not rule concerning the basis for Mr. Walstra's opinions until after Plaintiffs have been allowed the opportunity to call their witnesses at trial, Mr. Walstra has not provided the most basic foundation for the opinions he intends to express in this case. He lacks the education and training which would qualify him to testify as an economics expert, and further, Mr. Walstra did not identify to Defendants during his deposition any additional factual foundation for the opinions he has formed with respect to both Plaintiffs in this case.

WHEREFORE, Defendants respectfully request that this Court preclude the testimony of Jeroen Walstra at the trial of this case.

/s/ Kathleen M. Bustraan
Kathleen M. Bustraan
(Bar No. 24417)
Jennifer S. Lubinski
(Bar No. 25160)
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, Maryland 21201
(410) 539-5881

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 2nd day of March, 2004 a copy of the foregoing Motion to Strike and Reply to Plaintiffs' Answer to Defendants' Motion in Limine to Preclude Testimony of Jeroen Walstra was electronically filed with the United States District Court for the District of Maryland with notice sent to: Arnold F. Phillips, Esquire, 25254 Garrett Highway, Suite 4, P.O. Box 537, McHenry, Maryland 21541, Attorney for Plaintiffs; and Donald L. Speidel, Esquire, 800 Red Brook Boulevard, Suite 120, Owings Mills, Maryland 21117.

/s/ Jennifer S. Lubinski
Jennifer S. Lubinski

314666